# KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,

### v.

### William Steve MASON, Appellee.

Court of Appeals of Kentucky.

Feb. 1, 1980.

Rehearing Denied March 14, 1980.

Discretionary Review Denied July 8, 1980.

Francis T. Goheen, Paducah, for appellant.

G. David Sparks, Williams, Housman & Sparks, Paducah, for appellee.

Before GANT, VANCE and WINTERSHEIMER, JJ.

VANCE, Judge.

The question is whether a person injured in a highway collision while in the act of pushing a motorcycle is entitled to recover basic reparation benefits under the Motor Vehicle Reparations Act.

The facts are not in dispute. On July 8, 1976, appellee was injured when he was struck by a motor vehicle driven by William R. Pedigo. Pedigo was insured by appellant Kentucky Farm Bureau Mutual Insurance Company. At the time of his injury appellee was walking beside and pushing a motorcycle on the highway. He claimed basic reparation benefits on the ground that he was a pedestrian at the time of injury. Both parties moved for summary judgment and the court granted summary judgment

to appellee on the issue of entitlement to basic reparation benefits.

Appellant asserts and appellee is not entitled to basic reparation benefits because (1) appellee was not a pedestrian, and (2) recovery is precluded by KRS 304.39–040(3).

KRS 304.39–050(1) provides:

The basic reparation insurance applicable to bodily injury to which this subtitle applies is the security covering the vehicle occupied by the injured person at the time of the accident or, if the injured person is a pedestrian, the security covering the vehicle which struck such pedestrian. . . .

The statute in effect at the time of the accident defined a pedestrian as follows:

A pedestrian, as used herein, means any person who is not an operator or user of a motor vehicle at the time his injury occurs. Kentucky Acts 1974, Chapter 385, Section 5(1).

It follows that appellee was a pedestrian unless, at the time of injury, he was either an *operator* or *user* of the motorcycle. The suffixes "er" and "or" ordinarily carry the meaning "one who". Thus, in the dictionary sense, an operator is one who operates and a user is one who uses.

Many statutes contain a definition section and words used in the statute which are specifically defined by the statute must be given the meaning prescribed by the legislature in construing the statute. Thus, while a "user" would ordinarily be one who uses, the word "user" was defined in the statute in effect at the time of the accident to mean *a person who is a basic reparation insured if such person had not rejected the limitation upon his tort rights as provided by the act.* KRS 304.39–020(14).

The definition of user was amended in 1978 to mean any person who resides in a household in which any person owns or maintains a motor vehicle. Neither the original nor the amended statutory definitions of the word "user" relate in any degree to *actual use.* We must hold that appellee was not a "user" of the motorcycle as that word is defined in the statute under

consideration. *See Dixon v. Cowles*, Ky. App., 562 S.W.2d 639 (1977).

The term "operator" was not specifically defined in the act. In a narrow sense it might be said that the act of pushing a motorcycle is an operation of the vehicle. We do not accept that premise in the interpretation of the statute in question for a number of reasons.

The word "operator" is used in the statute to define a pedestrian by the process of elimination. One who is an operator is contrasted and distinguished from one who is a pedestrian. An accepted definition of pedestrian is one who goes on foot, a walker. *Webster's New World Dictionary, Section Edition.* By defining pedestrian as one who is not the operator of a motor vehicle, the General Assembly was making a distinction between one who travels by walking and one who travels by the operation of a vehicle.

In 1978 the definition of pedestrian was changed to eliminate the word "operator " and substitute therefor *one who is not making use of a motor vehicle,* but "use of a motor vehicle" is defined so as to include only its use as a vehicle. KRS 304.39–020(6). This amendment was not in effect at the time of the accident but it offers some indication of an intent that a pedestrian should not cease to be a pedestrian merely because of some connection with a vehicle which does not involve actual use of the vehicle as a vehicle. It was conceded in appellant's brief and specifically at oral argument that appellee was on foot pushing the motorcycle and was not occupying it, entering it or alighting from it at the time of his injury.

Our consideration of the customary definition and usage of the word pedestrian as meaning one afoot, the statutory definition which classifies one as a pedestrian if he is not the operator of a motor vehicle, and the intent we find from a reading of the statute as a whole that an operator is one who is utilizing a vehicle by riding upon or in it, or entering or alighting therefrom, leads us to the conclusion that under the circumstances of this case appellee was not

an operator of the motorcycle in question and he was, therefore, a pedestrian at the time of the injury.

■ Appellant further contends that recovery of basic reparation benefits is precluded by KRS 304.39–040(3) which provides:

> Notwithstanding any other provisions of this subtitle, no operator or passenger *on* a motorcycle is entitled to basic reparation benefits from any source for injuries arising out of the maintenance or use of such a motorcycle unless such reparation benefits have been purchased as optional coverage for the motorcycle or by the individual so injured. (Emphasis ours.)

Appellee was not a passenger on the motorcycle. As we have already noted, we do not think he was an operator as that word is used in the statute and, in any event, the exclusion from reparation benefits applies only to an operator *on* a motorcycle and appellee, admittedly, was not on the motorcycle when his injury occurred.

The judgment is affirmed.

All concur.