Darrell Wayne BLAKE, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

Nov. 3, 1980.

---

Kevin Michael McNally, Asst. Public Advocate, Frankfort, for movant.

Robert F. Stephens, Atty. Gen., Willie E. Peale, Jr., Asst. Atty. Gen., Frankfort, for respondent.

AKER, Justice.

The movant, Darrell Wayne Blake, was convicted of first–degree manslaughter in the Todd Circuit Court for the shooting death of David Grissom. Blake received the minimum sentence of 10 years. The judgment was affirmed by the Court of Appeals and we granted discretionary review. Blake contended that he shot the victim in self–defense. However, he maintains that he was entitled to an instruction on second–degree manslaughter and reckless homicide on the grounds that he was wanton or reckless in believing deadly force was necessary in self–protection. We agree.

On the night of August 20, 1977, Blake and a friend, David Davis, drove to a bootlegging joint for the stated purpose of buying some beer. This particular establishment had a drive–in window which eliminated the necessity for patrons to leave their car. As Blake and Davis drove up to the window, Blake observed David Grissom working there. In the next instant Blake fired his pistol, a .357 magnum, in the direction of the window where the victim was standing, and sped away. The bullet from Blake's gun hit Grissom and caused his death. It was established that Grissom and Blake had had a serious altercation about six to eight weeks prior to this incident, as which time Grissom participated in a beating of Blake and threatened to kill him. Blake testified that he shot Grissom be- cause he saw Grissom pulling up either a shotgun or a rifle and thought Grissom was going to shoot him. It was generally known that the occupants of this establishment kept a shotgun just inside the window, and Blake was aware of this. When the police arrived a short time later to investigate the shooting, they found no gun of any sort in or about the building. There was testimony however, to suggest that a neighbor, who had a proprietary interest in the bootleg operation, may have removed the gun. At trial Blake requested a tendered instruction on second–degree manslaughter and reckless homicide which was refused by the court. Blake bases his assignment of error on KRS 503.120(1) which says:

"(1) When the defendant believes that the use of force upon or toward the person of another is necessary for any of the purposes for which such belief would establish a justification under KRS 503.050 to 503.110 but the defendant is wanton or reckless in believing the use of any force, or the degree of force used, to be necessary or in acquiring or failing to acquire any knowledge or belief which is material to the justifiability of his use of force, the justification afforded by those sections is unavailable in a prosecution for an offense for which wantonness or recklessness, as the case may be, suffices to establish culpability."

Since no weapon was found at the scene it would not have been unreasonable for the jury to believe that no gun actually existed but yet also believe that Blake thought he saw a gun and thus may have been wanton or reckless in his belief that Grissom was about to shoot him. Under the facts of this case it certainly presented a jury question as to whether or not Blake was wanton or reckless in his belief. The jury may not have believed Blake's claim of self–defense but still could have believed that he was wanton or reckless. The Commentary (1974) to KRS 503.120 supports Blake's contention and reads in part as follows:

"... If the belief upon which a defendant's use of force is based is so unreasonable as to constitute 'wantonness' or

'recklessness', justification is not available for offenses having either of these culpable mental states as the essential element of culpability. For example, if a defendant, in killing another, believes himself in danger of death but is wanton in having such a belief, he cannot be convicted of murder. But since manslaughter in the second degree is committed through 'wantonness' and since this subsection denies a defendant justification for such an offense, he can be convicted of this lesser degree of homicide."

Suggested instructions on second–degree manslaughter and reckless homicide in a situation such as presented by this case are set forth in *Kentucky Instructions To Juries,* § 10.26, Self–Defense–Deadly Force Under Erroneous Belief of Necessity by Defendant (KRS 503.120) (1975). Comments to this section state in part:

"This instruction is to be used when a defendant has used deadly force under circumstances which he claims to have justified self–defense and the evidence would support a finding that if he had the necessary beliefs for this defense he was wanton or reckless in so believing and acting."

We therefore hold that movant was entitled to the requested instruction on second–degree manslaughter and reckless homicide.

Blake also raises other assignments of error. We have reviewed each of them and find them to be without merit.

The decision of the Court of Appeals is reversed and this case is remanded to the Todd Circuit Court for a new trial.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON and STERNBERG, JJ., sitting.

All concur except STEPHENSON, J., who dissents and files herewith a dissenting opinion.

STEPHENSON, Justice, dissenting.

It is my opinion that Blake was not entitled to either a second–degree manslaughter or reckless homicide instruction under the facts portrayed in this case. I particu-

larly object to the holding that the "wanton or reckless" in self–defense instructions is appropriate in this case. The end result will be that the trial bench will feel forced to give this instruction in every self–defense case, thus further complicating unnecessarily the process of instructing juries.