D & B COAL COMPANY, INC., Movant,

v.

Seldon FARMER, Respondent.

Supreme Court of Kentucky.

Feb. 17, 1981.

Rehearing Denied May 5, 1981.

James B. Todd, Todd, Smith & Levy, Pikeville, for movant.

Lawrence R. Webster, Pikeville, for respondent.

PALMORE, Chief Justice.

The respondent, Farmer, was injured in a collision between his son-in-law's automobile, in which he was a passenger, and a vehicle owned by the movant, D & B Coal Company, Inc., and being operated in its business. As the accident took place on December 22, 1975, the provisions of the "no-fault" automobile insurance law (KRS Ch. 304.39–010 et seq.) in effect at that time apply to this case.

Farmer brought suit against D & B alleging that the accident resulted from the negligence of D & B's driver and that he had suffered permanent personal injuries and pain and suffering to his damage in the amount of $100,000 and had incurred or would in the future incur medical expenses of not less than $10,000. Among its defenses D & B pleaded that the complaint should be dismissed "because the cause of action stated therein had been abolished by K.R.S. 304.39–060." In due course the case was tried and was submitted for a verdict on interrogatories requiring the jury to determine whether Farmer had (a) sustained a permanent injury or (b) a permanent loss of bodily function and to fix the amount of damages. In its verdict the jury answered the first two questions in the negative, and it fixed the amount of damages at $408.45 for medical expenses (that being the maximum allowance authorized by the evidence) and $15,000 for pain and suffering.

After the verdict had been returned D & B filed a "motion for judgment and memorandum" setting forth that Farmer did not meet any of the "threshold" requirements of KRS 304.39–060(2)(b) and thus did not have a cause of action in tort. This motion cited the provision of KRS 304.39–060(2)(b) to the effect that any person who "uses" a motor vehicle on the highways of this state shall be deemed to have accepted the provisions of the act, "and in particular those provisions which are contained in this sec-

tion." The motion was denied by the trial court on the ground that there had been no proof that Farmer owned, operated or maintained a motor vehicle at the time of the accident, hence he was not a "user" as then defined by KRS 304.39–020(14).[1] Judgment for Farmer was entered accordingly.

The findings of fact, conclusions of law and judgment of the trial court recited that D & B's motion was being treated as a motion for judgment n. o. v., and on D & B's appeal the Court of Appeals affirmed the judgment on the ground that because D & B had not moved for a directed verdict it was not entitled to a judgment n. o. v.[2] Strangely enough, however, in "treating" the motion as one for a judgment n. o. v. the trial court did not rely on that ground, but on the ground that D & B had failed to sustain the burden of proving that Farmer came within the provisions of KRS 304.39–060(2) abolishing tort liability.[3]

D & B is entirely correct in contending that its motion was not for a judgment n. o. v., but in reality was for a judgment pursuant to and in accordance with the jury's findings that Farmer had not suffered a permanent injury or a permanent loss of bodily function and that his medical expenses did not exceed $1,000. Hence the rationale of the Court of Appeals in affirming the judgment rests upon a faulty premise.

It was pointed out in *Fann v. McGuffey*, Ky., 534 S.W.2d 770, 774 (1975), that the limitation upon *recovery* for pain and suffering does not apply to one who is not an "owner, operator, maintainer, or user" of an automobile and that a passenger is not a

"user" of the automobile within this special context. That, however, does not settle the question of burden of proof.

KRS 304.39–060(1) provides that any person who "uses" a motor vehicle on the public roadways of the state shall be deemed to have accepted the provisions of the act. " 'Use of a motor vehicle' means any utilization of the motor vehicle as a vehicle, including occupying, entering into and alighting from it." KRS 304.39–020(6). In short, one may make use of an automobile without becoming a "user" as defined by KRS 304.39–020(14) [now KRS 304.39–020(15)]. It is beyond cavil that a passenger "uses" an automobile, even though he is not a "user" as specially defined in KRS 304.39–020(14). The significance of that circumstance as it occurs in this case is that under KRS 304.39–060(1) the passenger is "deemed," or presumed, to have accepted the provisions of the act, which in our opinion means that if he has not done so the onus is upon him to prove it. It is, in other words, a rebuttable presumption.

In this particular instance Farmer's complaint showed that at the time of the accident he was using a motor vehicle as a passenger on the public highways of this state. That gave rise to a presumption that he was covered by the act, and in the absence of proof to the contrary it was not incumbent on the defending party to produce buttressing evidence. *The motion for a judgment should have been granted.*

The judgment is reversed with directions that a new judgment be entered *dismissing* the complaint.

All concur.

---

1. "A 'user' means a person who is a basic reparation insured or would be a basic reparation insured if such person had not rejected the limitations upon his tort rights as provided in KRS 304.39–060(4)." This definition was later changed by Sec. 1, Ch. 215, Acts of 1978.

2. See CR 50.02. A motion for a directed verdict is, of course, prerequisite to a judgment n. o. v.

3. Actually, Farmer had an operator's license and was subject to the provision of KRS 304.-39–060(2)(a), but that information was introduced into the record only by a supplement to

D & B's motion for a judgment. Farmer took the position that this was not the proper time or manner in which to produce evidence, and apparently the trial judge agreed. We think, however, that was a hypertechnical approach. This is not the kind of issue that needs to be tried before a jury, and it was not really a vital issue until it had been determined that Farmer did not meet the threshold requirements of KRS 304.39–060(2)(b). In this respect, D & B's motion was essentially a motion for summary judgment.