Bertha L. SCHROADER, Movant,

v.

Sylvia L. ATKINS, Respondent.

Supreme Court of Kentucky.

Oct. 12, 1983.

George R. Rawlings, Henry V. Sanders, Louisville, for movant.

Dennis J. Hummel, Danny L. Owens, Mazin, Hummel, Coan, Owens & Gersh, Louisville, for respondent.

VANCE, Justice.

The sole question on appeal is whether one who has accepted the provisions of the Motor Vehicle Reparation Act, who is neither an owner, operator, maintainer, or user (as that term is defined by statute) of an automobile, is precluded from recovering damages in tort for pain, suffering, mental anguish and inconvenience by reason of K.R.S. 304.39–060(2)(b) and (c).

Respondent, a passenger in a motor vehicle operated by Roberta R. Trabue, was injured when the car collided with a vehicle operated by Movant, Schroader. Respondent's claimed medical expenses did not exceed $1,000.00, and her claim for compensatory damages of the type for which basic reparation benefits are payable did not exceed $10,000.00. Her claim was summarily dismissed by the trial court.

The Court of Appeals Affirmed in Part, Reversed in Part, and remanded for further proceedings. We affirm the decision of the Court of Appeals.

■ Because respondent made use of a motor vehicle by occupying it as a passenger, she subjected herself to the provisions of the Motor Vehicle Reparations Act. *D & B Coal Co. v. Farmer,* Ky., 613 S.W.2d 853 (1981). There is no contention that she ever rejected acceptance of the Act.

Having made herself subject to the provisions of the Act she was precluded from asserting a claim for damages for bodily injury, sickness, or disease to the extent that basic reparation benefits are provided by the no fault statute. K.R.S. 304.39–060(2)(a). Because her claim did not exceed the amount provided by basic reparation benefits, she was not entitled to recover damages of the type of which basic reparation benefits are payable and the summary judgment as to that portion of her claim was proper. The Court of Appeals so held, and the Respondent did not seek review.

Recovery for pain, suffering, mental anguish, and inconvenience is limited to instances in which benefits payable as medical expense exceed one thousand dollars or when certain enumerated injuries exist. K.R.S. 304.39–060(2)(b). Respondent did not claim medical expenses exceeding one thousand dollars, nor did she otherwise qualify under this section to maintain an action for pain and suffering.

K.R.S. 304.39–060(2)(c) provides, however, that tort liability is not so limited for injury to a person who is not an owner, operator, maintainer, or user of a motor vehicle within Section 1 of this section .... Section 1

relates to acceptance of the Act and provides:

(1) Any person who registers, operates, maintains or uses a motor vehicle on the public roadways of this Commonwealth shall, as a condition of such registration, operation, maintain or use of such motor vehicle and use of the public roadways, be deemed to have accepted the provisions of this subtitle and in particular those provisions which are contained in this section.

■ Movant admits that respondent was not an owner, operator, or maintainer of a motor vehicle within Section I of the Act. The dispute arises as to whether respondent was a "user".

K.R.S. 304.39–020(15) defines "user" to mean a person who resides in a household in which any person owns or maintains a motor vehicle. All parties admit that respondent was not a "user" as that word is defined in the statute. The Movant contends, however, that the removal of the limitation as to the amount of medical expenses is applicable only when the claimant is "not a user of a motor vehicle within section one (1) of this section." As we have noted section one (1) deals with acceptance of the Act, and the word "user" is not mentioned in the section. We hold that one may accept the provisions of the Act by registering, operating, maintaining or using a motor vehicle upon the public highways of this Commonwealth, but nevertheless not be precluded from asserting a tort claim for pain and suffering if the claimant is not an owner, operator, maintainer, or "user" of a motor vehicle as the term "user" is defined in the statute.

■ The suffixes "er" and "or" ordinarily carry the meaning "one who." In the dictionary sense a user is one who uses and in the dictionary sense, the respondent was surely a user of a motor vehicle.

The problem raised here was considered in *Kentucky Farm Bureau Mutual Insurance Company v. Mason*, Ky.App., 600 S.W.2d 483 (1980). Therein it was stated:

Many statutes contain a definition section and words used in the statute which are specifically defined by the statute must be given the meaning prescribed by the legislature in construing the statute. thus, while a "user" would ordinarily be one who uses, the word "user" was defined in the statute in effect at the time of the accident to mean *a person who is a basic reparation insured if such person had not rejected the limitation upon his tort rights as provided by the act.* K.R.S. 304.39–202(14). *Id.* at 484.

The statutory definition of "user" was amended to its present form in 1978, but neither the original or amended statutory definition of the word "user" relate in any degree to *actual use* of a motor vehicle.

■ The intention of the legislature in providing for the statutory definition of the word "user" is not shown by this record. We cannot assume that it was done for no purpose at all. When the General Assembly specifically provides that a word used in a statute shall have a particular meaning, the courts must accept that statutory definition in construing the statute even though the statutory definition is quite different from the ordinary meaning of the word.

We affirm the decision of the Court of Appeals.

STEPHENS, C.J., and VANCE, GANT, AKER, LEIBSON, and STEPHENSON, JJ., concur.

WINTERSHEIMER, J., not sitting.