Bobby Scott BAKER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Oct. 4, 1984.

Joe Martin, Jr., Louisville, for appellant.

David L. Armstrong, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

The question is whether an instruction on reckless homicide (K.R.S. 507.050) should be given in a case in which the defendant kills another person believing that the force used was necessary to protect himself against the use of unlawful force by the deceased, but under circumstances where such a belief was unreasonable. K.R.S. 503.120.

Appellant, Bobby Scott Baker, was convicted by a jury in the Jefferson Circuit Court for the murder of his former wife, Vivian Ann Baker. He was sentenced to 20 years in prison.

Baker and Vivian had a stormy marriage, which ended in divorce. They had altercations both during and after their marriage. At times they threatened to kill one another. On November 2, 1981, Baker and his brother went out drinking to a local bar. That evening his former wife was working at the Club 68, a Louisville bar. Vivian had a fight with another female employee that night, who was a girl friend of appellant. Later that evening appellant visited this woman at her house, became enraged at the way his former wife had treated her, and went to the Club 68 looking for his wife. He took a handgun along. Baker arrived at the bar around 3:00 a.m. After he confronted Vivian with the night's events, she began running to the bar. She kept a purse at the bar, and was generally known to keep a handgun in her purse. Appellant shot Vivian six times in the back as she ran to the bar, continuing to shoot until she was lying on the floor. One shot

was fired with the gun in full contact with Vivian's body. After the shooting Baker placed the gun on the bar and called for an ambulance and the police. He confessed to the crime when the police arrived. No other gun was found on the premises.

The trial court gave the jury instructions on murder, first and second degree manslaughter, and self-defense. Appellant contends that the trial court erred in failing to give a reckless homicide instruction. Appellant cites K.R.S. 503.120(1) as authority for giving a reckless homicide instruction in the present case, relying on *Blake v. Commonwealth*, Ky., 607 S.W.2d 422 (1980).

■ Prior to the adoption of the penal code, self defense was a justification for the crime of murder. It required a showing that the defendant believed the use of physical force was necessary to protect himself, that his belief was reasonable, and that the force used was believed necessary to protect against imminent danger. If the belief that the use of the force was necessary for self protection was an unreasonable belief, self protection was not available as a defense. *Hargis v. Commonwealth*, 135 Ky. 578, 123 S.W. 239 (1909).

■ K.R.S. 503.050 substitutes a subjective rather than an objective test as to the reasonableness of the belief that the use of force is necessary for self protection. Under this statute, the use of physical force for self protection against death, serious physical injury, kidnapping, or sexual intercourse compelled by force or threat is justifiable if it is believed that such force is necessary, and this is true regardless of whether the belief as to necessity is reasonable or unreasonable.

The commentary to the penal code explains that this departure from previous practice was brought about by a feeling that a person ought not to be convicted for a crime of intention where he has labored under a mistake such that, had the facts been as he supposed, he would have been free of guilt.

K.R.S. 503.120 provides that an unreasonable belief that the use of force is necessary for self protection which would establish justification for an intentional act pursuant to K.R.S. 503.050 cannot be used as justification in a prosecution where wantonness or recklessness suffices to establish culpability. The commentary points out that while an unreasonable but actual belief in the necessity to use physical force for self protection will justify an intentional act, it cannot be used to justify a wanton or reckless act.

Following this line of reasoning, we held in *Blake v. Commonwealth, supra,* that in cases in which a jury might conclude from the evidence that a defendant genuinely believed that the use of force was necessary for his self protection, but might also conclude that the defendant's belief was entirely unreasonable, an instruction on reckless homicide should be given.

■ We have re-examined our holding in *Blake, supra,* and find it to be erroneous. An instruction as to specific offenses is required only when there is some evidence to reasonably support the instruction.

The offense of reckless homicide is defined by statute as follows:

"A person is guilty of reckless homicide when, with recklessness he causes the death of another person." K.R.S. 507.050.

K.R.S. 501.020 defines three mental states for culpability under the penal code. They are, (1) intentional, (2) wanton, and (3) reckless.

■ The intentional mental state with respect to a result or to conduct consists of a conscious objective to cause that result or to engage in that conduct.

■ Wantonness consists of an awareness of and conscious disregard of a substantial and unjustifiable risk that a particular result will occur. The risk must be of such a nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

■ Recklessness consists of the failure to perceive a substantial and unjustifiable risk that a particular result will occur. The risk must be of such a nature and degree that failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

In a separate concurring opinion the view is expressed that recklessness as used in K.R.S. 507.050 refers to conduct as distinguished from recklessness as defined in K.R.S. 501.020 as the failure to perceive the risk as to result. No authority is cited for this interpretation.

■ K.R.S. 501.020 provides that the definitions contained therein apply to the criminal code. When words are specifically defined by statute courts must use the definition prescribed by the statute in the interpretation of the statute. *Kentucky Farm Bureau Mutual Insurance Co. v. Mason*, Ky.App., 600 S.W.2d 483 (1980); *Schroader v. Atkins*, Ky., 657 S.W.2d 945 (1983). Thus, pursuant to the definition of recklessness as it is defined in K.R.S. 501.-020 and made applicable to the criminal code, recklessness as it is used in K.R.S. 507.050 refers to the failure of the actor to perceive the risk incident to his conduct, not the fact that his conduct may be considered negligent or reckless in the ordinary meaning of those words.

■ Reckless homicide is a lesser offense than murder or manslaughter in the second degree because the perpetrator of the homicide is unaware that his conduct entails a substantial and unjustifiable risk of death. The reckless homicide statute deals with both conduct and result. It deals with conduct which creates an unjustifiable risk of a particular result, and the punishment imposed is less than that imposed for intentional or wanton conduct because the perpetrator did not consciously intend the result, but nevertheless he grossly deviated from the standard of a reasonable person in failing to perceive the risk.

■ In this case the appellant does not even contend that he failed to perceive the risk that firing six shots into the body of the deceased would cause her death. Since the risk that the result would occur is so obvious and since the appellant does not contend that he failed to perceive the risk, there was no basis for an instruction on reckless homicide, and the failure to give such an instruction was not erroneous. *Blake v. Commonwealth, supra,* insofar as it holds otherwise, is overruled.

There seems to be little doubt that the drafters of the commentary had in mind that a defendant who kills another believing, but without reason to so believe, that his use of force was necessary to protect himself should not be convicted of murder but that he nevertheless should be subject to prosecution for the lesser offenses of manslaughter in the second degree or reckless homicide.

The general assembly did not provide, however, for the inclusion of an intentional offense within the definition of reckless homicide. We cannot escape the fact that an act claimed to be done in self defense is an intentional act. It is not a "reckless" act as that term is defined by statute.

To reach the result sought by appellant, we would have to redefine the crime of reckless homicide by adding another section to K.R.S. 507.050 so as to provide that a person is guilty of reckless homicide (1) when, with recklessness he causes the death of another person, or (2) when he causes the death of another person by the use of force which he believes necessary to protect himself against death, serious physical injury, kidnapping, or sexual intercourse compelled by force or threat under circumstances which would render such a belief unreasonable.

■ The enactment of a statute defining the elements of a crime is a legislative matter, and this court is without authority to add additional substantive provisions to a statute as enacted.

■ Statutes which create criminal offenses should do so in express terms and

criminal liability should not rest upon implication or inference as to what the General Assembly intended but did not expressly state. While the appellant here sought an instruction on reckless homicide, our interpretation of the statute will apply with equal force to a defendant in similar circumstances who may be convicted of reckless homicide over his objection that no instruction on reckless homicide should have been given because the statute which created that crime did not expressly include having an unreasonable belief as to the necessity to use force for self-defense as an element of the crime.

The Judgment is affirmed.

STEPHENS, C.J., and GANT, STEPHENSON, VANCE, and WINTERSHEIMER, JJ., concur.

LEIBSON and AKER, JJ., concur in the result by separate opinion.

LEIBSON, Justice, concurring opinion.

For reasons that will be stated, I concur in the result. However, *Blake v. Commonwealth*, Ky., 607 S.W.2d 422 (1980), correctly analyzes the legislative will as expressed by KRS 503.120(1); and *Blake* should not be overruled.

The plain meaning of the statute is that when an accused offers evidence of a "reckless" *subjective* belief in the need for self-protection as "justification under KRS 503.050 (self-defense)," he may then be convicted "for an offense for which ... recklessness ... suffices to establish culpability." KRS 503.120(1).

The majority opinion states that there "seems little doubt that the drafters of the commentary" considered that a reckless belief in the need for self-defense reduces murder to reckless homicide, but concludes that the statutory definition of reckless homicide is not broad enough to include reckless conduct in self-protection. Respectfully, I disagree.

The Commentary is based upon Commentary accompanying the November 1971 Final Draft of the Kentucky Penal Code. The same people authored both the stat-

utes in question and the explanation that we followed in *Blake*, and now reject. *Criminal Law of Kentucky,* Banks-Baldwin, p. 589 (1982 Ed.).

KRS 507.050(1) specifies that "a person is guilty of reckless homicide when, with recklessness he *causes* the death of another person." (Emphasis added.) Recklessness here is used to define conduct.

While it is true that the term "recklessly" as defined in KRS 501.030(4), General Principles of Liability, is stated in terms of failure to perceive "the result," the apparent conflict between this statute and KRS 507.050 is resolved by recognizing that "recklessness" in KRS 507.050 addresses *conduct*, not *result*. This is the common sense meaning of the statute. An accused is entitled to an instruction on reckless homicide if he offers evidence sufficient to indicate a subjective belief, however unreasonable, that self-defense was necessary. The statutes express that a subjective belief, recklessly held, qualifies as self-defense but constitutes reckless homicide. There was no need to enact KRS 503.120 at all if the legislature did not mean to set up the crime of reckless homicide for this situation.

*If* the evidence here had been sufficient to justify an instruction on self-defense, the accused would have been entitled to an instruction on the lesser included offense of reckless homicide. *People v. Lockett,* 82 Ill.2d 546, 45 Ill.Dec. 900, 413 N.E.2d 378 (1980). But there was no evidence to justify such an instruction. The accused went to the bar with a loaded gun, sought out his victim and shot her repeatedly in the back. When considered as a whole one could not infer from his evidence that he believed that shooting the victim rather than leaving the bar was necessary *at that time* for his self-protection. If anything, the accused was delusional, but self-protection depends on a belief, reasonable or unreasonable, that self-protection is necessary at the time, and the appellant's delusions (if any) were not with regard to the need for immediate self-protection but with

regard to future self-protection. Therefore the accused was not entitled under the facts of this case to an instruction on self-protection, nor to an instruction on reckless homicide in the event the jury believed he acted in self-protection, but recklessly.

AKER, J., joins in this concurring opinion.