Dudley GRAY, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

Sept. 5, 1985.

Paul E. Hieronymus, McKee, for movant.

David L. Armstrong, Atty. Gen., W. Bruce Cowden, Jr., Asst. Atty. Gen., Frankfort, for respondent.

VANCE, Justice.

The movant was indicted for murder, was convicted of second-degree manslaughter and was sentenced to seven years imprisonment. The conviction was affirmed on appeal to the Court of Appeals, and we granted discretionary review to consider movant's claim that the instructions concerning second-degree manslaughter were erroneously given.

Movant and some of his friends attended a party at movant's home which lasted into the early morning hours. All of those in attendance had been drinking. Movant shot and killed the victim, but claimed he acted in self-defense because the victim was in the process of drawing a gun on him at the time.

At trial the movant objected to an instruction on second-degree manslaughter because all the evidence indicated the shooting was an intentional act, not a wanton or negligent act. The Court of Appeals upheld the instruction on the authority of *Blake v. Commonwealth*, Ky., 607 S.W.2d 422 (1980). Since that time, this court in *Baker v. Commonwealth*, Ky., 677 S.W.2d 876 (1984), overruled *Blake v. Commonwealth*.

It is without question that the movant intended to shoot the victim. He admitted the shooting and attempted to justify it on the ground of self-protection. There is no evidence whatever that his actions were anything other than intentional.

Second-degree manslaughter by statutory definition consists of causing the death of another wantonly, not intentionally. K.R.S. 507.040. A person acts wantonly with respect to a result when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur. K.R.S. 501.020(3).

Wanton conduct is to be distinguished from intentional conduct and is punishable by a lesser penalty simply be-

cause it does not involve the element of evil intent.

■ As this court indicated in *Baker v. Commonwealth, supra,* an instruction as to a specific offense should not be given unless there is some evidence which would reasonably sustain the conclusion as to the defendant's guilt of the specific offense.

■ Because there is no question here but that the movant's act of shooting was intended by him to kill or to injure the victim, the instructions on specific offenses should have been limited to intentional crimes, and it was error to instruct, over the objection by movant, so as to permit the jury to find movant guilty of wanton conduct.

The instructions concerning self-defense were as follows:

"5. Self-Protection.

"If at the time Dudley Gray shot Johnny Perdue (if he did so) as mentioned in these instructions, the defendant believed that Johnny Perdue was then and there about to use physical force upon him, Dudley Gray was privileged to use such physical force against Johnny Perdue as he believed necessary to protect himself, but including the right to use deadly physical force in so doing only if he believed it was necessary to protect himself from death or serious physical injury at the hands of Johnny Perdue.

"This privilege is subject to the following qualification. Regardless of what Dudley Gray then believed, if you believe from the evidence beyond a reasonable doubt all of the following:

"(a) That it was not in fact necessary for him to use any physical force against Johnny Perdue to protect himself or, if it was, he used more than was actually necessary;

"AND

"(b) That, his belief to the contrary, the action he took against Johnny Perdue in reliance upon that belief amounted to:

"(i) Wanton conduct, then he was not privileged to use self-protection, and you will find him guilty of second-degree manslaughter under Instruction 3;

"OR

"(ii) Reckless conduct, then he was not privileged to use self-protection, and you will find him guilty of reckless homicide under Instruction 4."

■ These instructions were erroneous for the reason that they permitted the jury to find movant guilty of second-degree manslaughter if his belief in the necessity to use deadly force to protect himself was unreasonable. As we held in *Baker v. Commonwealth, supra,* an unreasonable belief concerning the necessity of self-defense is not a factor in the statutory definition of second-degree manslaughter. To constitute second-degree manslaughter a person must be guilty of wanton conduct, he must act without the intention to kill, but nevertheless be aware of and consciously disregard a substantial and unjustifiable risk that his conduct will cause the death of another person.

■ By reason of K.R.S. 503.120, if a defendant believes that it is necessary to use deadly force to protect himself but that belief is found by a jury to be unreasonable, the defense of self-protection is not available as a defense to nonintentional crimes for which wantonness or recklessness suffices to establish culpability.

■ Thus, where the acts of a defendant are wanton and an instruction on second-degree manslaughter is proper, the defendant is not entitled to acquittal, even if he believed his actions were necessary to defend himself, if the jury finds that his belief in that regard was unreasonable. The fact that his belief was unreasonable, however, does not change the status of an intentional act to an unintentional one so as to bring it within the definition of second-degree manslaughter.

The movant further contends that he was entitled to a directed verdict on the ground of self-defense. We think the Court of Appeals correctly determined that movant was not entitled to a directed verdict on this ground. It is unnecessary to elaborate

upon this point in view of the fact that we are reversing the judgment upon the grounds of improper jury instructions.

The Judgment is reversed.

STEPHENS, C.J., and GANT, STEPHENSON and VANCE, JJ. concur.

LEIBSON and WINTERSHEIMER, JJ., dissent by separate opinions.

AKER, J., not sitting.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

I continue to believe that mental state of the accused determines the degree of homicide. When the accused claims self-defense, "wantonly" (KRS 507.040) and "intentionally" are not mutually exclusive mental states.

When the perceived need to kill results from a subjective, unreasonable, wantonly held belief that it is necessary, the instructions and results in this case are appropriate to the circumstances.

As stated in my Dissent, *Baker v. Commonwealth*, Ky., 677 S.W.2d 876, 880 (1984), we should return to *Blake v. Commonwealth*, Ky., 607 S.W.2d 422 (1980), which correctly analyzed the situation.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because I believe that this Court should not apply its holding in *Baker, supra*, retroactively. In this case the trial was conducted in 1982. At that time, *Blake, supra*, was the law and had not yet been overruled. Additionally, the Court of Appeals decision was issued in 1983, and it was not until 1984 that *Baker* was rendered by this Court.