**Karla WHITEMAN, Movant,**

v.

**Betty V. LOWE, Respondent.**

Supreme Court of Kentucky.

Jan. 16, 1986.

John H. Keeton, Winchester, for movant.

Benjamin J. Hays, Winchester, for respondent.

VANCE, Justice.

The question is whether the provisions of the Kentucky Motor Vehicle Reparations Act, K.R.S. 304, subtitle 39, apply to a person who has not been shown to have registered, operated, maintained, or used a motor vehicle upon the highways of this Commonwealth.

Movant, Karla Whiteman, age nine years, sustained injuries by reason of a collision between an automobile operated by respondent and a bicycle upon which Karla was riding.

In a jury trial, Karla recovered $8,000.00 for pain and suffering and $739.50 for medical expenses. Respondent defended the claim upon the ground that the claim was barred by the Kentucky No-Fault Motor Vehicle Reparations Act.

The Court of Appeals reversed the judgment. We granted discretionary review and now hold that the judgment should be reinstated.

K.R.S. 304.39–060(1) provides:

"Any person who registers, operates, maintains or uses a motor vehicle on the public roadways of this Commonwealth shall, as a condition of such registration, operation, maintenance or use of such motor vehicle and use of the public roadways, be deemed to have accepted the provisions of this subtitle, and in particular those provisions which are contained in this section."

For those to whom the provisions of the no-fault act are applicable, tort liability with respect to accidents occurring in this Commonwealth arising from the ownership, maintenance or use of a motor vehicle is abolished for damages because of bodily injury, sickness or disease to the extent that basic reparations are applicable. K.R.S. 304–39.060(2)(a). Tort liability for pain and suffering is recoverable only in the event that thresholds set forth in K.R.S. 304.39–060(2)(b) are met.

Tort liability is not so limited, however, for injury to a person who is not an owner, operator, maintainer or user of a motor vehicle. K.R.S. 340.39–060(2)(c).

Karla Whiteman was nine years old and was riding a bicycle when she was injured. There is no evidence in this record that she either registered, operated, maintained or used a motor vehicle upon the public highways of this Commonwealth. There is nothing in this record which would make the Act applicable to her.

Respondent argues that there is a presumption that every person involved in a motor vehicle accident is presumed to be covered by the Act.

The General Assembly expressly extended the presumption of acceptance of the provisions of the Act to only four categories of persons, namely, (1) those who reg-

ister, (2) operate, (3) maintain, or (4) use a motor vehicle upon the highways of this Commonwealth. K.R.S. 304.39–060(1).

The question of acceptance of the provisions of the Act by infants was first raised in *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975), the case which upheld the constitutionality of the Act. We said:

> "The object of our sharpest concern is the impact of the law upon infants and other persons under disability, but in this respect a misplaced emphasis has been placed on the right of rejection. The argument that a parent waives his child's right to sue by failing to exercise the right of rejection for him misses the point that *it is the child's act in using an automobile, or the parent's act in causing or permitting him to do so, that subjects him to the limitations imposed by the no-fault law.* As expressly stated in K.R.S. 304.39–060(1), implied consent to the law hangs on one's use of the highways, not on the failure to reject, which really is in the nature of an added attraction." (Emphasis added.)

*Id.* at 778.

Thus, from the beginning, we have held that it is the infant's use of a motor vehicle which subjects it to the provisions of the Act.

In *D & B Coal Co., Inc, v. Farmer*, Ky., 613 S.W.2d 853 (1981) we held:

> "KRS 304.39–060(1) provides that any person who 'uses' a motor vehicle on the public roadways of the state shall be deemed to have accepted the provisions of the act. ' "Use of a motor vehicle" means any utilization of the motor vehicle as a vehicle, including occupying, entering into and alighting from it.' KRS 340.390–020(6). In short, one may make use of an automobile without becoming a 'user' as defined by KRS 304.-39–020(14) [now KRS 304.39–020(15)]. It is beyond cavil that a passenger 'uses' an automobile, even though he is not a 'user' as specially defined in KRS 304.39–020(14). The significance of that circumstance as it occurs in this case is that under KRS 304.39–060(1) the passenger

is 'deemed,' or presumed, to have accepted the provisions of the act, which in our opinion means that if he has not done so the onus is upon him to prove it. It is, in other words, a rebuttable presumption.

> "In this particular instance Farmer's complaint showed that at the time of the accident he was using a motor vehicle as a passenger on the public highways of this state. That gave rise to a presumption that he was covered by the act, and in the absence of proof to the contrary it was not incumbent on the defending party to produce buttressing evidence. The motion for a judgment should have been granted."

*Id.* at 854.

Again in *Schroader v. Atkins*, Ky., 657 S.W.2d 945 (1983) we recognized that use of a motor vehicle would subject one to the provisions of the Act. We said:

> "Because respondent made use of a motor vehicle by occupying it as a passenger, she subjected herself to the provisions of the Motor Vehicle Reparations Act. *D & B Coal Co. v. Farmer*, Ky., 613 S.W.2d 853 (1981). There is no contention that she ever rejected acceptance of the Act.

> "Having made herself subject to the provisions of the Act she was precluded from asserting a claim for damages for bodily injury, sickness, or disease to the extent that basic reparation benefits are provided by the no fault statute. K.R.S. 304.30–060(2)(a). Because her claim did not exceed the amount provided by basic reparation benefits, she was not entitled to recover damages of the type of which basic reparation benefits are payable and the summary judgment as to that portion of her claim was proper. The Court of Appeals so held, and the Respondent did not seek review."

*Id.* at 946.

█ Because there was no evidence in this case that Karla Whiteman had registered, operated, maintained or used a motor vehicle upon the highways of this Commonwealth, we hold no presumption existed that she accepted the provisions of the Act.

In the absence of some showing that she accepted the provisions of the Act, the abolition of tort liability contained in the Act was not applicable to her.

Respondent contends that the burden was upon movant to show that she met the threshold requirements of K.R.S. 304.-39–060(2)(b) or the exemptions itemized in K.R.S. 304.39–060(2)(c). It is our view that before these provisions come into play it must be established that the person seeking recovery falls within the coverage of the Act. They are designed to permit tort recovery in certain instances by a person to whom the Act is applicable where recovery would otherwise be precluded by the Act.

The decision of the Court of Appeals is reversed, and the case is remanded with direction that the judgment of the trial court be reinstated.

STEPHENS, C.J., and VANCE, GANT, AKER, WINTERSHEIMER and STEPHENSON, JJ., concur.

LEIBSON, J., concurs by separate opinion.

LEIBSON, Justice, concurring.

I concur in the results, but not in the reasoning. The facts of the injury are such that this child was not within the scope of the act under any circumstances.

This was a nine year old child injured when she fell or was knocked from her bicycle by an automobile driven onto the sidewalk.

A person may fit the definition of a "user" in the definition section of the Motor Vehicle Reparations Act (KRS 304.39–020(15)), for certain purposes, but still not be subject to the partial abolition of tort liability provided by KRS 304.39–060.

The limitations on tort liability delineated by KRS 304.39–060 are governed by the language employed in that particular section of the statute. Section 304.39–060 provides in subsection (1) that a "person who ... uses a motor vehicle on the public roadways of this Commonwealth shall ... be deemed to have accepted" the act and "in particular ... this section." KRS 304.-39–020(6) defines "use of a motor vehicle" as used in this section. It provides that "'[u]se of a motor vehicle' means any utilization of the motor vehicle *as a vehicle* ...." (Emphasis added.)

Putting together the term "uses a motor vehicle" as set out in KRS 304.39–060(1) and the definition of "use of a motor vehicle" as set out in KRS 304.39–060(6), the logical conclusion is that tort liability is not limited or abolished by KRS 304.39–060 except in those instances where the claimant is using a motor vehicle as a vehicle.

A person using a bicycle is not involved in such use. This child was injured by a motor vehicle, but she was not using a motor vehicle. Indeed, she was not even using the "public roadways of this Commonwealth" at the time she was hurt, which is the threshold consideration under which one is "deemed to have accepted" the act for purposes of KRS 304.39–060.

Thus, I conclude that it is immaterial whether this child's mother or father had an automobile. If so this child might be considered a "user" under the definition in KRS 304.39–020(15). But, all this would mean is that she would qualify for no-fault benefits if there is an insurance policy providing extended coverage to family members in the circumstances of this accident. Her right to such insurance benefits would have no bearing on the abolition of her tort liability in the circumstances of this accident. This is controlled by KRS 304.39–060, and is limited to persons involved in the use of a motor vehicle as a vehicle.