**Phillip W. RASMUSSEN, Appellant,**

**v.**

**COMMONWEALTH of
Kentucky, Appellee.**

Supreme Court of Kentucky.

Feb. 6, 1986.

As Modified on Denial of Rehearing
April 10, 1986.

Mark T. Watson, Asst. Public Advocate, Elizabethtown, for appellant.

David L. Armstrong, Atty. Gen., Frankfort, David A. Smith, Asst. Atty. Gen., for appellee.

GANT, Justice.

Appellant was stopped for speeding in the State of Utah and was determined, by

testing at the scene, to be operating the vehicle under the influence of alcoholic beverages. An NCIC check, also at the scene, determined that appellant was driving a vehicle owned by another person, which person had been reported missing for seven days. When appellant was informed that he would have to accompany the arresting state trooper to jail where his vehicle would be impounded, he asked "Do they kill you in Utah?" and burst into tears. He then informed the officer that he had killed the victim because the victim was attempting to have intercourse with him and that the victim's body was in the trunk of the automobile.

In subsequent statements, appellant recounted that he was hitchhiking, given a ride by the victim and taken to the victim's home. Appellant stated that after he had taken a shower and gone to bed the victim made sexual advances, grabbed the appellant in the groin area and attempted to sodomize the appellant in his anus. Appellant claimed that the victim's death ensued when appellant tried to prevent the act.

The evidence by the Commonwealth included the fact that the victim, a decorated and retired Army veteran, was strangled in a manner so violent that a bone was fractured in his throat so as to cause severe hemorrhages in his eyes and neck. In addition to the car, the victim's credit cards, stereo, clothing, checkbook, knife, gold rings and cash were taken.

On trial, appellant received 30 years in prison for murder, second degree burglary and theft, and appeals as a matter of right.

The first issue on this appeal is the failure of the court to grant the appellant's motion to instruct the jury upon the use of force under the circumstances provided under KRS 503.050(2), which reads:

The use of deadly physical force by a defendant upon another person is justifiable ... only when the defendant believes that such force is necessary to protect himself against ... sexual intercourse compelled by force or threat.

It is the contention of the Commonwealth that such an instruction is not justified because the quoted statute "does not excuse the use of deadly force to repel *deviate* sexual intercourse." To bolster its argument, the Commonwealth relies upon KRS 510.010, in which statute we find the following definitions:

(1) "Deviate sexual intercourse" means any act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another.

\*      \*      \*      \*      \*      \*

(8) "Sexual intercourse" means sexual intercourse in its ordinary sense but is limited to sexual intercourse between persons not married to each other. Sexual intercourse occurs upon any penetration, however slight; emission is not required.

The Commonwealth then argues that KRS 503.050(2), the deadly physical force statute, is designed by the legislature to protect a weak and helpless female from the brutal attack of a ravaging male.

■ The argument of the Commonwealth must fail for several reasons. First, the definitions relied upon which distinguish "sexual intercourse" and "deviate sexual intercourse" are restricted by the statute itself to apply *only* to Chapter 510 of the Kentucky Penal Code. Second, there are no words of limitation in the statute permitting deadly force to repel any sexual intercourse. Third, if the position of the Commonwealth were adopted, then the helpless female they depict would be entitled to use deadly force if the brutish male was compelling her, by force or threat, to engage in "sexual intercourse in its ordinary sense" but not to use such force if his intent involved anal or oral sex. We cannot ascribe such illogical intent to the legislature.

■ It is the opinion of this court that the trial court erred in overruling the motion for such an instruction.

The contention of appellant that his confession should have been suppressed is without merit. His spontaneous statement at the scene was just that, and his intoxication affected only its credibility, not its admissibility. *Dolan v. Commonwealth,* Ky., 468 S.W.2d 277 (1971). There was ample evidence concerning the voluntariness and the Miranda warnings to substantiate the findings of the trial court relating to the other two confessions.

The other errors complained of are also without merit with the exception of the failure of the trial court to grant appellant's motion for instructions on second degree manslaughter and reckless homicide. The statements and confessions of the appellant were consistent in their contention that appellant choked the victim by locking his forearm around the victim's neck "so he would leave me alone." A defendant is entitled to instructions which relate to the version of the crime. *See Mishler v. Commonwealth,* Ky., 556 S.W.2d 676, 680 (1977). In regard to the Commonwealth's reliance upon *Baker v. Commonwealth,* Ky., 677 S.W.2d 876 (1984), the facts of this case clearly distinguish it from *Baker.*

The convictions of the appellant for theft and burglary are affirmed. The conviction of murder is reversed, and this action is remanded for a new trial thereon.

STEPHENS, C.J., and AKER, LEIBSON, GANT and VANCE, JJ., concur.

STEPHENSON and WINTERSHEIMER, JJ., dissent.

STEPHENSON, J., files a dissenting opinion in which WINTERSHEIMER, J., joins. ·

STEPHENSON, Justice, dissenting.

I dissent for the reason that in my opinion Rasmussen was not entitled to a self-defense instruction at all under the facts of this case.

WINTERSHEIMER, J., joins in this dissent.