434

**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Corey MITCHELL, Appellee.**

No. 1999–SC–0929–DG.

Supreme Court of Kentucky.

Jan. 25, 2001.

Rehearing Denied April 26, 2001.

———

Albert B. Chandler III, Attorney General, William L. Daniel, II, Assistant Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellant.

Kimberly A. Brooks, Covington, Counsel for Appellee.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals which reversed a judgment based on a jury verdict in circuit court which had convicted Corey Mitchell of reckless homicide for the death of his infant daughter. He was sentenced to one year in prison. The sentence was probated for three years.

There is only one significant issue on appeal to this Court and that is whether there was sufficient evidence to support a conviction for reckless homicide. The Commonwealth argues that statutes pertaining to civil litigation cannot bar criminal prosecution, a position we find to be without merit here. Mitchell argues that the Court of Appeals correctly ruled that mere violation of the seatbelt restraint law was not enough to make a finding of reckless conduct.

On the evening of November 30, 1995, Corey Mitchell, his wife and three children began a drive to a friend's house in the family automobile. The oldest child sat unrestrained in the front seat between her parents. The twins, Mackenzie and Demi, rode in the back seat in baby seats which were not buckled and were not fastened to the automobile seat. A collision occurred when the father, Corey Mitchell, failed to yield the right of way to an oncoming pickup truck. The father and one of his infant daughters, Mackenzie, were thrown from the automobile as a result of the impact. Both were injured and Mackenzie eventually died from her injuries. More than nine months after the tragic incident, the Commonwealth obtained an indictment for second-degree manslaughter from the grand jury. The father was convicted of reckless homicide by a trial jury and was sentenced to one year imprisonment which was probated by the trial judge for three years.

The Court of Appeals reversed the conviction in a 2 to 1 decision. The majority held that the failure to secure a child to a child seat and to secure the child seat to the automobile seat was a violation of KRS 189.125, but that because the violation of the statute could not create tort negligence, it therefore could not possibly constitute recklessness under a criminal statute. The Court of Appeals opinion also found that the failure to secure Mackenzie to the child restraints could in no way be the immediate or direct cause of her death. This Court accepted discretionary review.

The crucial issue is whether there was sufficient evidence to support a finding of guilt on the charge of reckless homicide. A person is guilty of reckless homicide when, with recklessness, he causes the death of another person. KRS 507.050.

KRS 501.020(4) states in pertinent part: A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such a nature and degree that failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

A divided Court of Appeals panel reversed the conviction on the basis that the trial judge should have granted a directed verdict of acquittal because a violation of KRS 189.125, the Kentucky Seatbelt Statute, does not provide the mental state necessary for a reckless homicide conviction. We agree.

KRS 189.125 provides as follows:
(3) Any driver of a motor vehicle, when transporting a child of 40 inches in height or less in a motor vehicle operated on the roadways, streets, and high-ways of this state, shall have the child properly secured in a child restraint system of a type meeting the federal motor vehicle safety standards ...

(5) Failure to wear a child passenger restraint shall not be considered as contributory negligence, nor shall such failure to wear said passenger restraint system be admissible in the trial of any civil action. Failure of any person to wear a seat belt shall not constitute negligence per se.

KRS 189.990(24) provides a penalty of a $50 fine for the failure to comply with the seatbelt statute. The legislature did not intend to elevate a violation of this statute to the Class D felony status of reckless homicide. *Baker v. Commonwealth,* Ky., 677 S.W.2d 876 (1984), holds that statutes which create criminal offenses should do so in express terms, and criminal liability should not rest upon implication or inference as to what the General Assembly intended but did not expressly state. There is no indication that the legislature intended any additional penalty in this regard.

In *Lofthouse v. Commonwealth,* Ky. 13 S.W.3d 236 (2000), a majority of this Court determined that evidence that a defendant should have been aware of a substantial risk that the victim would die from ingesting cocaine and heroin was insufficient to support a conviction of reckless homicide for providing those drugs.

Here, the Commonwealth presented no evidence to support its position that the conduct of the father was reckless other than the failure to secure the infant in a proper child restraint system. This conduct, standing alone, without any other evidence of recklessness is not sufficient to constitute the standard of recklessness required by KRS 507.050, which is a gross deviation from the standard of care that a reasonable person would observe in the

situation. *Cf. Robinson v. Commonwealth,* Ky.App., 569 S.W.2d 183 (1978).

The Court of Appeals reasoned that if the legislature recognized that failure to restrain did not constitute civil negligence per se, then the violation could not satisfy the gross deviation requirement of recklessness. This is a reasonable rationale in this case and should not be interpreted as a bar to criminal prosecution in general. Here, the evidence was insufficient to support a conviction for reckless homicide.

The decision of the Court of Appeals is affirmed.

All concur.