George Ashley MEEKS, III,
Petitioner-Appellant,

v.

Joseph H. HAVENER, Superintendent,
Southern Ohio Correctional Facility,
Respondent-Appellee.

No. 74-2288.

United States Court of Appeals,
Sixth Circuit.

Nov. 18, 1976.

Rehearing Denied Jan. 13, 1977.

Paul Mancino, Jr., Mancino, Mancino & Mancino, Cleveland, Ohio (Court appointed CJA), for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Thomas D. Rooney, Robert D. Doane, Simon B. Karas, Columbus, Ohio, for respondent-appellee.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

This case is before the court on remand from the Supreme Court. *Meeks v. Havener,* —— U.S. ——, 96 S.Ct. 3215, 49 L.Ed.2d 1213 (1976).

The United States District Court for the Northern District of Ohio denied Meeks's petition for a writ of habeas corpus and this court affirmed with an unpublished order (Table, 6 Cir., 516 F.2d 902) which is made an appendix to this opinion. Rehearing was denied on June 18, 1975. The Supreme Court granted certiorari and entered an order vacating the judgment and remanding to this court "for further consideration in light of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976)."

The parties have filed supplemental briefs and we must determine whether *Doyle v. Ohio, supra,* requires reversal of the district court judgment in the present case. In *Doyle* the two defendants took the stand at their separate trials and testified that their arrests for selling marijuana had resulted from a "frame-up" and that what had appeared to surveillance officers as a sale of controlled substance was not such a transaction. The prosecutor in each trial was permitted to ask on cross-examination whether the defendant had told the arresting officers of the frame-up. In addition the prosecutor argued the post-arrest silence of the defendants to the jury in both trials. While recognizing the importance of cross-examination, the Supreme Court held in *Doyle* that "the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amendment." 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).

In the state court trial of petitioner Meeks a police officer named Bauer testi-

fied that Meeks was arrested in Cleveland and returned to North Ridgeville, Ohio in a police car. During this trip the officer gave Meeks a *Miranda* warning by reading from a card. After Officer Bauer testified that Meeks refused to sign the rights card, the following exchange took place:

Q. [by prosecutor] Did you have a conversation with him in the car?

A. Yes. Then I asked Mr. Meeks if he cared to talk about the case. He advised that he would not care to speak of this case, although—

Mr. Mancino [defense counsel]: I am going to object to this, your honor. This is entirely improper.

The Court: If the Defendant said nothing, there shouldn't be any questions asked on it.
(Counsel conferred with the court)

Mr. Horvath [prosecutor]: Do you want to sustain the objection and I will proffer it?

The Court: Objection sustained.

Mr. Horvath: The objection having been sustained, the evidence will be proffered that Mr. Meeks made certain voluntary statements that were not questions initiated by law enforcement officers but were completely voluntary and not pursuant to any questions asked by the police officer en route from Cleveland, to the North Ridgeville police department.

There was no further testimony on the subject of voluntary statements by Meeks or on his silence, and when the witness Bauer was excused the defense moved to strike his testimony. This motion was overruled.

In denying habeas corpus relief to Meeks the district court found that the prosecutor's questions to the witness Bauer were a proper "predicate to the introduction . . ." of evidence of voluntary statements. However, no ruling was made on the proffer of evidence of voluntary statements and the jury heard only the testimony that Meeks had remained silent when questioned by an arresting officer. Under these circumstances *Doyle* appears to hold that it was a violation of due process for the prosecutor to ask the question. *See* note 10, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91.

In his supplemental brief the respondent argues that if the *Doyle* rule was violated in the present case, the violation constituted harmless error, an issue not presented in *Doyle v. Ohio, supra.*

We have examined the entire transcript of the state court trial at which petitioner Meeks was convicted of armed robbery of a grocery store. The assistant manager of the store testified that he looked at the robber, who was not disguised, five or six times from a distance of about two feet during the five minutes involved in the robbery. He identified Meeks positively as the holdup man. In open court the witness said there was no question that Meeks was the person who had robbed him at gun point. The jury who heard this witness would be justified in returning a verdict of guilty on his testimony alone. The single comment by a police officer that Meeks said that "he would not care to speak of this case," with no attempt then or in closing argument to suggest that the jury draw an implication of guilt from silence, is not sufficient to require the granting of a writ of habeas corpus in face of overwhelming evidence of guilt. We conclude that the error of which Meeks complains was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Earl,* 529 F.2d 1145 (6th Cir. 1976).

The judgment of the district court is reaffirmed.

Appendix to follow.

APPENDIX

NO. 74–2288

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

GEORGE ASHLEY MEEKS, III,
       *Plaintiff-Appellant,*

v.               **ORDER**

JOSEPH H. HAVENER, Superintendent,
       *Defendant-Appellee.*

Filed May 13, 1975

Before: MILLER and LIVELY, Circuit Judges and O'SULLIVAN, Senior Circuit Judge.

This is an appeal from denial of a writ of habeas corpus following conviction in a state court of Ohio for armed robbery. On appeal, it is contended that the petitioner was entitled to an evidentiary hearing on a number of the issues. The district court did not grant such a hearing, but decided the case on the basis of the state court record. Upon consideration of the record, briefs and oral arguments, this court concludes that the district court properly decided the issues presented by the petitioner as shown by the memorandum of United States District Judge Ben C. Green dated September 5, 1974.

Affirmed.
COSTS: NONE

ENTERED BY ORDER OF THE COURT

/s/ John P. Hehman
Clerk