**Otis Lee WALLEN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Sept. 21, 1983.

Jack Emory Farley, Public Advocate, Linda K. West, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Suzanne Guss, Asst. Atty. Gen., Frankfort, for appellee.

LEIBSON, Justice.

On February 20, 1981, near Prestonsburg in Floyd County, Kentucky, Otis Lee Wallen shot and killed Paul Mullins with a shotgun. The shooting occurred shortly after Wallen had been informed by his family that Mullins had raped Wallen's daughter.

According to Wallen, he went looking for Mullins to ask him his version of "what had happened." Wallen stopped his vehicle at the bottom of the driveway leading to a trailer where Mullins was located. Mullins left the trailer and started down the driveway. He was shot while still some twelve to sixteen feet away.

Appellant claimed self-defense. He testified that the victim was approaching with a knife in his hand. But the Commonwealth's evidence showed that the only thing in the victim's hand was a beer can. No knife was found at the scene.

The jury convicted the appellant of murder and he has been sentenced to thirty (30) years imprisonment.

On appeal there are three assignments of error:

1) The prosecutor was permitted to introduce testimony about appellant's post-arrest silence.

2) The murder instruction included alternative mental states, intentional murder and wanton conduct.

3) In closing argument, the prosecutor's comments suggested conviction as a deterrence to crime and a message to the community.

None of the assignments of error are born out by the record in this case. We affirm.

The comment regarding the appellant's post-arrest silence was made by a police officer during the course of an extended narrative describing his investigation. It was not in response to a direct question by the prosecutor regarding the subject, nor did the prosecutor or any witness ever mention the subject again. The extent of the comment was as follows:

"I inquired of Mr. Wallen if he had been advised of his Constitutional Rights and he stated he had, and he did understand them, and at that time he did not want to make a statement."

Appellant's objection is grounded in *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). *Doyle* holds that "it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial...." 426 U.S. at 618, 96 S.Ct. at 2245.

But *Doyle* and subsequent cases make it clear that not every isolated instance referring to post-arrest silence will be reversible error. It is only reversible error where post-arrest silence is deliberately used to impeach an explanation subsequently offered at trial or where there is a similar reason to believe the defendant has been prejudiced by reference to the exercise of his constitutional right. The usual situation where reversal occurs is where the prosecutor has repeated and emphasized post-arrest silence as a prosecutorial tool. These circumstances do not exist in this case. Here the prosecutor did not focus upon appellant's silence and the comments were not linked to appellant's story. The alleged *Doyle* infraction is harmless. *Unit-*

**234**

ed States v. Davis, 546 F.2d 583 (5th Cir. 1977).

█ The murder instruction covered alternative mental states, intentional murder and wanton conduct. The instruction was not error in the circumstances of this case. Appellant claims on *appeal* that the evidence supports only intentional murder. By contrast, at the *trial* the appellant objected to the giving of an instruction on intentional murder, but did not object to the giving of an instruction on wanton murder. In *Eversole v. Commonwealth*, Ky., 550 S.W.2d 513 (1977) we held that this Court will not review alleged error in instructions on alternative mental states to murder unless the error is properly preserved for review by appropriate objections at the trial level. If we were to assume that the evidence was not sufficient to support an instruction on both of the alternative mental states, no objection was made at the trial level and the objection has not been preserved for review.

█ However, considering the evidence as a whole, in our view it was sufficient to support an instruction on both the alternative mental states to murder. Appellant claims he shot Mullins intentionally in self-defense. On the other hand, from the other testimony and the circumstances in the case it was reasonable to infer that appellant was shooting wantonly while overcome by a combination of anger and alcohol. In *Wells v. Commonwealth*, Ky., 561 S.W.2d 85 (1978), reviewing a situation where a single instruction contained several methods of committing first-degree assault, we said:

> "We hold that a verdict cannot be successfully attacked upon the ground that the jurors could have believed either of two theories of the case where both interpretations are supported by the evidence." 561 S.W.2d at 88.

*Wells* would be dispositive of this case even were we to consider defense counsel's objections at the trial level sufficient to preserve the point for review.

The remarks of the prosecutor in closing argument in this case were within the bounds of propriety. The substance of the prosecutor's arguments was that the "one way" to stop "these useless killings" is "for all of us to do our jobs. . . . to see that a Defendant like Otis Lee Wallen pays the penalty for what he has done."

█ The prosecutor went on to say:

> "There is only one way to let them know, Ladies and Gentlemen, and that is to find him guilty as he is, and after you have decided he is guilty, fix a punishment that will fit the situation."

Taken as a whole the prosecutor's argument does not suggest that this defendant be punished inappropriately, but only as "will fit the situation." We have not engaged in any blanket condemnation of prosecutorial comment related to deterrence. We have condemned argument only where the prosecutor suggests that the jury convict or punish on grounds or for reasons not reasonably inferred from the evidence. Arguments stronger than the present case have been held to fall short of reversible error in *Lynem v. Commonwealth*, Ky., 565 S.W.2d 141 (1971), *Meyer v. Commonwealth*, Ky., 472 S.W.2d 479 (1971), *Wilson v. Commonwealth*, Ky., 411 S.W.2d 33 (1967), and a number of other cases.

The judgment below is affirmed.

All concur.