803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OTIS LEE WALLEN, Petitioner-Appellant
v.
LLOYD FLETCHER, WARDEN, BELL COUNTY FORESTRY CAMP; AND
COMMONWEALTH OF KENTUCKY, Respondents-Appellees.
 No. 86-5387.
 United States Court of Appeals, Sixth Circuit.
 Sept. 17, 1986.
 
 1
 BEFORE: MILBURN and BOGGS, Circuit Judges; and HARVEY, Senior District Judge*
 
 ORDER
 
 2
 This matter is before the Court upon consideration of the petitioner's motion for appointment of counsel. The petitioner, Otis Lee Wallen, is appealing the March 25, 1986, order of the district court denying his petition for writ of habeas corpus. A certificate of probable cause has been granted. The petitioner has filed an informal brief.
 
 
 3
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the informal brief, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 The petitioner is currently confined in the Bell County, Kentucky, Forestry Camp. He was convicted of murder in the Floyd County, Kentucky, Circuit Court following the shooting death of Paul Mullins and was sentenced to a thirty-year prison term.
 
 
 5
 The petitioner presents three issues for review in his petition as follows: 1) the prosecutor was permitted to introduce testimony regarding post-arrest silence; 2) erroneous jury instructions were given because the jury was instructed that it could find guilt under two alternative mental states--intentional murder or wanton conduct; and 3) the prosecutor made a remark in his closing statement relating to the petitioner paying the penalty for what he had done. These claims were rejected by the Supreme Court of Kentucky on direct appeal. See Wallen v. Commonwealth, 657 S.W.2d 232 (Ky. 1983). The district court also found the petitioner's claims to be without merit, and we affirm.
 
 
 6
 The petitioner's first allegation of error is that testimony regarding the petitioner's post-arrest silence was admitted into evidence. A police officer made a comment about the petitioner's post-arrest silence during the course of an extended narrative describing his investigation. The Supreme Court of Kentucky found that Doyle v. Ohio, 426 U.S. 610 (1976) had not been violated. Wallen v. Commonwealth, 657 S.W.2d at 233. In Meeks v. Havener, 545 F.2d 9, 10 (6th Cir. 1976) (per curiam), cert. denied, 433 U.S. 911 (1977), this court held that a single comment by a police officer as to defendant's silence without any suggestion that the jury infer guilt from the silence constituted harmless error. Similarly, any technical violation of Doyle in the instant case is harmless beyond a reasonable doubt.
 
 
 7
 The petitioner's second assertion of error is that the murder instruction covered alternative mental states--intentional murder and wanton conduct. Errors in the instructions of a state trial court to a jury will not support a collateral attack in federal habeas corpus proceedings unless they "so infected the entire trial that the resulting conviction violates due process." Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)); Long v. Smith, 663 F.2d 18, 22-23 (6th Cir. 1981), cert. denied, 455 U.S. 1024 (1982). The jury instructions did not deprive the petitioner of a fair trial.
 
 
 8
 The Supreme Court of Kentucky also found that the prosecutor's remarks during closing argument were within the bounds of propriety. The court stated that "[t]aken as a whole the prosecutor's argument does not suggest that this defendant be punished inappropriately, but only as 'will fit the situation."' Wallen v. Commonwealth, 657 S.W.2d at 234. When weighing the extent of prosecutorial misconduct in habeas corpus cases, this Court considers the following factors:
 
 
 9
 the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they were isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proofs introduced to establish the guilt of the accused.
 
 
 10
 United States v. Leon, 534 F.2d 667, 679 (6th Cir. 1976); see also Webster v. Rees, 729 F.2d 1078, 1080-81 (6th Cir. 1984). The prosecutor's remarks were within the criteria set forth in Leon.
 
 
 11
 The magistrate and district court considered a fourth claim of ineffective assistance of counsel as a result of counsel's failure to request an instruction on involuntary intoxication pursuant to K.R.S. Sec. 501.080, and an instruction on first-degree manslaughter pursuant to K.R.S. Sec. 507.030(1)(b). However, this issue was not raised in the petition. Paragraph 11 of the petition states that the issue was raised in the Floyd County, Kentucky, Circuit Court in a motion for post-conviction relief. In any event, during post-conviction proceedings, the Kentucky Court of Appeals found that the issue should have been raised in the original proceedings. See Commonwealth v. Ivey, 599 S.W.2d 456 (Ky. 1980).
 
 
 12
 In a motion to supplement and respond, filed on March 11, 1986, with the district court, the petitioner alleges ineffective assistance of counsel because direct evidence of a death was not entered into evidence at trial. He asserts that his counsel should have requested a directed verdict. The petitioner also alleges for the first time in his Informal Brief that the attorneys in the case had a conflict of interest because they were all from the public advocate's office. The petitioner has failed to exhaust his remedies in relation to these last two issues, and they are therefore precluded from review. Rose v. Lundy, 455 U.S. 509 (1982); Parker v. Rose, 728 F.2d 392 (6th Cir. 1984).
 
 
 13
 It appears that the issues on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Accordingly, it is ORDERED that the motion for appointment of counsel is denied and that the final judgment of the district court be affirmed.
 
 
 
 *
 The Honorable James Harvey, U.S. Senior District Judge for the Eastern District of Michigan, sitting by designation