Ernie William **ROSTON**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

Sept. 19, 1986.

Rehearing Denied Nov. 7, 1986.

Discretionary Review Denied by Supreme Court March 4, 1987.

J. David Niehaus, Deputy Appellate Defender of the Jeff. Dist. Public Def., Daniel T. Goyette, Jefferson Dist. Public Def., Louisville, for appellant.

David L. Armstrong, Atty. Gen., David W. Mossbrook, Asst. Atty. Gen., Frankfort, for appellee.

Before DYCHE, HOWARD and LESTER, JJ.

HOWARD, Judge.

In this case, the appellant appeals from his conviction of manslaughter in the second degree.

The appellant was charged with shooting and killing Josephine McCray on December 23, 1984. The shooting occurred at approximately 4:30 a.m. in the parking lot of King's Fast Foods in Louisville, Kentucky. A verbal dispute broke out between the appellant and McCray at King's drive-thru window. This dispute carried over to the parking lot. The appellant claims that when the two were arguing near her parked car, McCray pulled a knife and began swinging it at him. At that point, the appellant claims he pulled a pistol from his coat and shot at her three times. The first shot was apparently a misfire. One bullet struck her wrist and then proceeded to her abdomen, creating a superficial wound. Another bullet struck her in the chest, causing her death. Although some of the eyewitnesses stated that McCray did not have a knife, a knife was found beside her body.

On October 16 and 17, 1985, a trial was held in Jefferson Circuit Court. The appellant did not dispute that he shot McCray, instead relying on the defense of self-protection. At the close of the evidence, the Commonwealth proposed instructions on every degree of homicide found in Chapter 507 of the Kentucky Revised Statutes. An objection to an instruction on wanton murder was upheld and that instruction was not given. Thus, the jury viewed instructions on intentional murder, first-degree manslaughter, second-degree manslaughter and reckless homicide. The jury found the appellant guilty of second-degree manslaughter. He received a sentence of eight years in prison.

The appellant contends that it was error to convict of second-degree (wanton) manslaughter on the grounds that there was no evidence that his actions were wanton.

The appellant did not object to the second-degree manslaughter instruction. In *Wallen v. Commonwealth*, Ky., 657 S.W.2d 232 (1983), the defendant had not objected to a wanton murder instruction at trial, yet, on appeal, argued that the giving of this instruction was prejudicial error. The Court stated that "[i]n *Eversole v. Commonwealth*, Ky., 550 S.W.2d 513 (1977), we held that this Court will not review alleged error in instructions on alternative mental states to murder unless the error is properly preserved for review by appropriate objections at the trial level." *Wallen, supra*, at 234. In the instant case, the appellant concedes that the alleged error was not preserved by an objection, but maintains that this Court should review this issue under the palpable error rule, pursuant to RCr 10.26.

The appellant argues that he made no objection at trial because of the undecided state of the law regarding such instructions at the time of his trial.

KRS 503.120(1) provides that the justification of self-defense is not available to a defendant who unreasonably believes that force, or the degree of force used, was necessary, when wantonness or recklessness are the mental states required to establish culpability. In *Blake v. Commonwealth*, Ky., 607 S.W.2d 422 (1980), the defendant in a homicide prosecution claimed the defense of self-protection but was convicted of first-degree manslaugh-

ter. The Court held that in such a case, if the defendant had been wanton or reckless in believing that force was necessary, then the defendant could have been convicted of second-degree manslaughter or reckless homicide. Therefore, the trial court should have instructed the jury on first-degree manslaughter, second-degree manslaughter and reckless homicide.

In *Baker v. Commonwealth,* Ky., 677 S.W.2d 876 (1984), the Court overturned *Blake, supra,* holding that instructions on specific offenses should only be given when there is some evidence present in the case to support them. Thus, a defendant who claims an act was done in self-defense, but was unreasonable in the belief that force, or the degree of force used, was necessary, could not be convicted of unintentional reckless homicide because an act in self-defense is necessarily intentionally done. *Id.* at 879.

In *Gray v. Commonwealth,* Ky., 695 S.W.2d 860 (1985), the Court specifically applied its ruling in *Baker, supra,* to second-degree manslaughter. Thus, a defendant who committed a homicide and unreasonably believed his actions were necessary for his protection, could not be found guilty of second-degree (wanton) manslaughter.

The appellant points out that *Gray, supra,* was rendered on September 5, 1985, only a few days before trial. As a result, he claims that he was unaware of a necessity to object to the second-degree manslaughter instruction.

As stated in *Wallen, supra,* we are not bound to decide the issue of alternative mental states in regard to the instructions when that error was not properly preserved. However, any error in giving the wantonness instruction did not result in a "manifest injustice" as required by RCr 10.26, for we believe the instruction was justified under the evidence.

A person acts wantonly when he is aware of and consciously disregards a substantial and unjustifiable risk that a result will occur. KRS 501.020(3). The risk must be of such a nature and degree that disregard of it constitutes a gross deviation from the conduct of a reasonable man in such cir-

cumstances. *Id.* A person acts intentionally when his conscious objective is to cause a result or engage in a conduct described in a statute defining an offense. KRS 501.020(1)

The evidence shows that the appellant intentionally shot McCray, but it does not show that his conscious objective was to kill her. The appellant testified at trial, but did not state that he intended to kill McCray. Thus, the jury could reasonably infer from the evidence that the appellant was aware of a substantial risk that shooting McCray might kill her and consciously disregarded it. A verdict based on instructions encompassing alternative mental states for murder will not be overturned when the evidence supports each of the alternatives. *Wallen, supra,* at 234.

Therefore, even if the alleged error had been properly preserved, the instructions were proper under the circumstances.

The judgment is affirmed.

LESTER, J., concurs.

DYCHE, J., dissents.