!VIERi NT, Circuit Judge,
concurring.
I con» .¡r in tí Court’s opi .on except with regard to the Miranda-Doyle violation. The prosecutor here clearly and deliberately disregarded her duty not to e-mment or refer to the defendant's exercise of his right to remain siles»;, and that in itself is a Evar constitution;., violation. see, e.g., Walle v. Fletcher, 80, F.2d 722, 122 (6th Cir.1996) (single com, ant by a police officer . to defendant’s alence sufficient to e .ablish a Doy! violation); Meeks v. I vener, 545 F.2d 9, 10 i-ih Cir.1976) 0 >ne); Treesh v. agley, Is-o. i:02 CV 46 2007 WL 1039' ¿ (N.D.O. o Mar.31, 20 ) (same). Th-j Court no>.s c,-erectly that the prosecutor “appears io have done so deliberately.” For this, I would reverse the conviction in the case were it at all close or in doubt. These violations should be deterred and strongly disapproved by the judiciary.
Here I am obligated to leave the conviction in place because the proof is overwhelming, and the government itself and the public may not be punished by its agent’s deliberate constitutional violation. The constitutional violation meets the constitutional harmless error standard. Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). My review of the record leads me to the conclusion that the verdict is clearly correct, and I have confidence that the jury would have reached the same result without the prosecutor’s deliberate disregard for the law. The prosecutor should be reprimanded not only by the Court but by her employers in the Department of Justice — not with a wink and a smile but with a reprimand that this kind of deliberate prosecutorial misconduct will not be countenanced.