# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 22, 2018
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2017-SC-000268-MR

DATE 4/12/18 Kim Redmon, DC

WILLIE COLEMAN SLAPPY      APPELLANT

ON APPEAL FROM CHRISTIAN CIRCUIT COURT
V.      HONORABLE ANDREW C. SELF, JUDGE
NO. 16-CR-00435

COMMONWEALTH OF KENTUCKY      APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Willie Coleman Slappy, appeals from the Christian Circuit Court's judgment convicting him of one count of burglary in the third degree and of being a persistent felony offender in the first degree. He was sentenced to serve a total of 20 years in prison. Appellant, seeking palpable error review, claims that the trial court erred by not declaring a mistrial when a Commonwealth's witness referenced Appellant's invocation of his right to remain silent. For reasons stated below, we affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hopkinsville Police Detective Travis Shown investigated four burglaries which occurred across six days in the summer of 2016. One burglary occurred at a store named "41A Smokes and Lotto" (41A Smokes). The other three burglaries occurred at a Walmart store. Both establishments had security cameras which recorded the burglaries. Shown recognized Appellant as the burglar in the video and still photo images obtained from 41A Smokes' security camera. He also believed Appellant was the perpetrator seen in the Walmart videos. Appellant was indicted on four counts of third-degree burglary, one count of theft by unlawful taking over $500,[1] and as being a first-degree persistent felony offender.

Although the jury acquitted Appellant on the three Walmart burglaries, he was found guilty of the 41A Smokes' burglary and of being a first-degree persistent felony offender. The jury recommended a sentence of imprisonment for five years for third-degree burglary, enhanced to 20 years for being a first-degree persistent felony offender. The trial court entered judgment accordingly. This appeal followed.

## II. ANALYSIS

At trial, the prosecutor asked Detective Shown what happened after he recognized Appellant in the video and photograph captured by 41A Smokes' security camera. He responded that while he was obtaining warrants for

---

[1] This charge was dismissed prior to trial.

Appellant, other officers saw Appellant on a sidewalk and detained him. Shown testified that Appellant was taken to the police station to be interviewed, but "he decided he wanted a lawyer so there wasn't really much to the interview." Appellant did not object to this testimony, but he now seeks palpable error review of the court's failure to declare, sua sponte, a mistrial based upon this reference to Appellant's invocation of the right to counsel and the implication that he exercised the right to remain silent.

> Under RCr 10.26, an unpreserved error may generally be reviewed on appeal *if* the error is [easily perceptible, plain, obvious and readily noticeable] and *if* it affects an appellant's substantial rights. Even then, relief is appropriate only if the error resulted in manifest injustice. . . . Generally, a palpable error affects the substantial rights of the party only if it is more likely than ordinary error to have affected the judgment.

*Martin v. Commonwealth*, 409 S.W.3d 340, 344 (Ky. 2013) (internal quotation and citations omitted).

A mistrial should be granted only when there is a fundamental defect in the proceedings; the "occurrence complained of must be of such character and magnitude that a litigant will be denied a fair and impartial trial and the prejudicial effect can be removed in no other way." *Gould v. Charlton Co.*, 929 S.W.2d 734, 738 (Ky. 1996) (citations omitted). Of course, "evidence that a defendant exercised his right to remain silent should not be admitted at trial . . . ." *Vincent v. Commonwealth*, 281 S.W.3d 785, 790 (Ky. 2009).[2] Evidentiary

---

[2] Citing *Doyle v. Ohio*, 426 U.S. 610, 618 (1976) (When a person has been informed of his *Miranda* rights, "it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial.").

3

errors may generally be cured by an admonition to the jury to disregard the testimony. *See Graves v. Commonwealth,* 17 S.W.3d 858, 865 (Ky. 2000). Significantly, Appellant did not request such an admonition. He argues, however, that the prejudicial effect of Shown's testimony was too severe to be cured by an admonition even if he had requested it.

The admonition will be presumed to cure the error except where: (1) "there is an overwhelming probability that the jury will be unable to follow the court's admonition *and* there is a strong likelihood that the effect of the inadmissible evidence would be devastating to the defendant, or (2) the question was asked without a factual basis *and* was 'inflammatory' or 'highly prejudicial.'" *Johnson v. Commonwealth,* 105 S.W.3d 430, 441 (Ky. 2003) (citations omitted). Ordinarily, reference to a defendant's exercise of the right to remain silent is "only reversible error where post-arrest silence is deliberately used to impeach an explanation subsequently offered at trial or where there is a similar reason to believe the defendant has been prejudiced by reference to the exercise of his constitutional right." *Wallen v. Commonwealth,* 657 S.W.2d 232, 233 (Ky. 1983). We find no indication that the Commonwealth deliberately elicited the reference to Appellant's invocation of his right to an attorney and his exercise of the right to remain silent.

Appellant concedes that the Commonwealth had a factual basis for the question about Shown's actions, and that, therefore, the second exception identified in *Johnson* is not fully met. Instead, Appellant argues that Shown's statement was especially prejudicial because it effectively implied that

4

Appellant did not deny being the culprit seen in the video. He contends that Shown, a five-year veteran of the Hopkinsville Police Department, knowingly responded beyond fair parameters of the prosecutor's question to interject highly prejudicial information.

From our perspective, the testimony in question was clearly improper, but it was not "repeated, emphasized or used as a prosecutorial tool," which are among the usual circumstances requiring reversal. *Hunt v. Commonwealth*, 304 S.W.3d 15, 36 (Ky. 2009) (citing *Wallen*, 657 S.W.2d at 233). Appellant has not convincingly shown that the improper testimony deprived him of a fair trial. The trial court's failure to intercede by declaring a mistrial after this minimal reference to Appellant's invocation of his right to counsel, and its implied reference to his decision to remain silent does not present us with a matter that rises to the level of palpable error.

## III. CONCLUSION

For the foregoing reasons, we affirm the Christian Circuit Court's judgment.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Karen Shuff Maurer
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General