RENDERED: APRIL 24, 2008
TO BE PUBLISHED

# Supreme Court of Kentucky



## 2005-SC-000789-DG

KING DRUGS, INC.;
KING HOME CARE, INC.                                        APPELLANTS


                    ON REVIEW FROM COURT OF APPEALS
V.                        CASE NUMBER 2004-CA-002019
                 FRANKLIN CIRCUIT COURT NO. 03-CI-00550


COMMONWEALTH OF KENTUCKY,
REVENUE CABINET; AND KENTUCKY
BOARD OF TAX APPEALS                                         APPELLEES


## OPINION OF THE COURT BY JUSTICE ABRAMSON

## <u>REVERSING AND REMANDING</u>


A 1986 amendment to former KRS 139.472, a statute exempting "prosthetic devices and physical aids" from Kentucky sales and use tax, is the focal point of the case before us. The Kentucky Board of Tax Appeals adopted the construction of the statute advanced by the taxpayers, King Drugs, Inc., and King Home Care, Inc., while the trial court and Court of Appeals construed the statute in the manner advanced by the Kentucky Revenue Cabinet. Having granted discretionary review in order to resolve the statutory dispute, we reverse the courts below and remand the case to the trial court for entry of an order affirming the order of the Board of Tax Appeals.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

KRS 139.200 imposes a sales tax on gross receipts derived from "[r]etail sales, regardless of the method of delivery, made within this Commonwealth." Pursuant to that statute, in early 2001, the Revenue Cabinet assessed sales taxes against King Drugs, Inc., and King Home Care, Inc., (collectively "King") of $75,342.09 and $13,253.86, respectively, for sales between April 1997 and January 2001 of medical items such as C-Pap supplies, TENS units, heating pads, humidifiers, ventilators, catheters, and bandages. Maintaining that these sales were exempt from sales tax under KRS 139.472, which at the time provided an exemption for "prosthetic devices and physical aids," King sought review of the Cabinet's assessments before the Board of Tax Appeals. The Board agreed with King that the statute exempted the sales of all such items when prescribed by a physician, and, because it was undisputed that virtually all the sales at issue involved items that had been prescribed, the Board granted King's request for relief. The Cabinet then sought judicial review, and both the Franklin Circuit Court and the Court of Appeals rejected the Board's reading of KRS 139.472. Those courts ruled instead that the statutory exemption applied only to sales of prosthetic devices and physical aids "prescribed . . . solely for the use of a particular crippled person so as to become a brace, support, supplement, correction or substitute for the bodily structure including the extremities of the individual." Because King's sales had not been limited to the identified items to be used by "crippled persons," the court below held that King was not entitled to the exemption and so ordered that the Cabinet's sales-tax assessments be reinstated. This Court granted King's petition for discretionary review.

## ANALYSIS

Prior to 1986, KRS 139.472, a sales and use tax exemption statute, provided in pertinent part that the following items would be exempt:

> (2) "Prosthetic devices and physical aids" for the purpose of this section shall mean and include artificial devices individually designed, constructed or altered solely for the use of a particular crippled person so as to become a brace, support, supplement, correction or substitute for the bodily structure including the extremities of the individual; . . .

This statute clearly provided a narrow sales-tax exemption limited to devices or aids in some manner customized for a particular "crippled person."

In 1986, the General Assembly amended this subsection as follows:

> (2) "Prosthetic devices and physical aids" for the purposes of this section shall mean and include artificial devices **prescribed by a licensed physician, or** individually designed, constructed or altered solely for the use of a particular crippled person so as to become a brace, support, supplement, correction or substitute for the bodily structure including the extremities of the individual; artificial limbs, artificial eyes, hearing aids *prescribed by a licensed physician, or* individually designed, constructed or altered solely for the use of a particular disabled person; crutches, *walkers, hospital beds, wheelchairs and wheelchair lifting devices* for the use of invalids and crippled persons; *colostomy supplies, insulin and diabetic supplies, such as hypodermic syringes and needles, and sugar (urine and blood) testing materials purchased for use by diabetics.* (Emphasis supplied).

This 1986 amendment is the genesis of the controversy before us. Did the General Assembly intend to add an exemption for all sales of "artificial devices prescribed by a licensed physician," or did it intend only to expand somewhat the prior exemption for sales to crippled persons by including not only devices designed and altered for them but also devices prescribed for their particular use as braces, supports, or similar

3

purposes?  The Tax Board adopted the former reading and the courts below the latter.[1]

As the parties correctly note, our goal in construing a statute is to give effect to the intent of the General Assembly, and we derive that intent, if at all possible, from the plain meaning of the language the General Assembly chose.  Osborne v. Commonwealth, 185 S.W.3d 645 (Ky. 2006).  We presume, of course, that the General Assembly intended for the statute to be construed as a whole and for all of its parts to have meaning.  Lewis v. Jackson Energy Cooperative Corporation, 189 S.W.3d 87 (Ky. 2005).  We also presume that the General Assembly did not intend an absurd statute or an unconstitutional one.  Layne v. Newberg, 841 S.W.2d 181 (Ky. 1992).  Only if the statute is ambiguous, however, or otherwise frustrates a plain reading, do we resort to the canons or rules of construction, such as the rule that tax exemption statutes are to be narrowly construed against the exemption.  Stephenson v. Woodward, 182 S.W.3d 162 (Ky. 2005).  On the contrary, if a plain reading of the statute yields a reasonable legislative intent, then that reading is decisive and must be given effect regardless of the canons and regardless of our estimate of the statute's wisdom.  Osborne v. Commonwealth, supra.  We agree with the Board of Tax Appeals that the 1986 version of KRS 139.472 is neither ambiguous nor absurd and that it provides an exemption, parallel to the exemption for sales of prescription medicine, for all sales of "artificial devices prescribed by a licensed physician."

This result follows from a couple of grammatical observations.  First, modifiers, such as the statute's adverbial phrases "solely for the use of a particular crippled person" and "so as to become a brace," generally modify the nearest suitable word or phrase, which in this case is the immediately preceding compound participle "designed,

---

[1] Since 2000 this subsection has been the object of much legislative attention. None of the post-1986 amendments is presently before us.

4

constructed or altered." *See* <u>Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet</u>, 133 S.W.3d 456, 464, n. 33 (Ky. 2004) (discussing the so-called last-antecedent rule). It would be unusual for the adverbial phrases to refer back even further to the participle "prescribed." Indeed, the phrase "so as to become a brace. . ." does not meaningfully modify "prescribed," so it is difficult to conclude that the General Assembly intended it to do so. Furthermore, the comma after "prescribed by a licensed physician" and before the "or," serves to emphasize the separation between the alternatives and so reinforces the impression that the following adverbial phrases were not intended to reach back across the comma and modify "prescribed." It is reasonably clear, in sum, that the General Assembly intended an exemption for sales of "artificial devices prescribed by a licensed physician," and the courts below erred by reading into that exemption limitations not supported by the statutory language.

Hoping to avoid this result, the Revenue Cabinet argues that, grammar notwithstanding, a broad exemption for sales of all devices prescribed by a physician is an absurd reading of the statute because it renders other provisions of KRS 139.472(2) redundant and because it affects a sharp departure from prior law. With respect to the latter contention, the Cabinet notes, for example, that sales of prescription eyeglasses have always been subject to sales tax, but that under the 1986 statute as construed by the Board of Tax Appeals those sales would be exempt, as would be, the Cabinet laments, prescription sales of "air conditioners, hot tubs and swimming pools." Without speculating about the validity of the Cabinet's concerns, the answer to this contention is, simply, that within constitutional constraints the General Assembly is free to alter the tax laws as it sees fit, and its changes may not be disregarded, or inferred out of existence, just because a court or the Revenue Cabinet happens to disagree with them.

The Cabinet also contends that a broad exemption for all prescription sales renders specifically enumerated exemptions for "colostomy supplies, insulin and diabetic supplies," KRS 139.472(2),[2] redundant because most of these supplies require a prescription. If the General Assembly had intended a broad exemption for all prescription sales, the Cabinet argues, it would have had no need, and would not have bothered, to list these particular prescription exemptions. The Cabinet is correct, of course, that statutes are to be read as a whole and all of their parts given effect. Lewis v. Jackson Energy Cooperative Corporation, supra. We are not persuaded, however, that the enumeration of these particular exemptions, even if they overlap with the general exemption for prescription sales, amounts to such a redundancy as to overcome the statute's plain exemption for "artificial devices prescribed by a licensed physician." The overlap is not necessarily complete, after all, for the specific enumeration makes clear that even non-prescription articles included among the listed supplies are exempt, and in addition the General Assembly may well have wished to underscore, for the benefit of patients and pharmacists alike, the enumerated supplies' total exemption from sales tax.

In sum, a plain reading of the 1986 version of KRS 139.472(2) discloses the General Assembly's intent to exempt from the sales tax sales of "artificial devices prescribed by a licensed physician." The statute is neither ambiguous, calling for the application of rules of construction, nor absurd, necessitating this Court's consideration of tax policy. The Circuit Court and the Court of Appeals erred by reading into the exemption limitations which the General Assembly did not impose. Accordingly, we reverse both the September 2, 2005 Opinion of the Court of Appeals and the

---

[2] In 2000, the General Assembly added "urostomy supplies and ileostomy supplies" to the list.

6

September 9, 2004 Opinion and Order of the Franklin Circuit Court and remand to the Circuit Court for entry of an order affirming Order No. K-18927 of the Kentucky Board of Tax Appeals.

Lambert, C.J., Cunningham, Noble, Scott, J.J., Addington and Moore, Special Justices, concur. Minton and Schroder, J.J., not sitting.

COUNSEL FOR APPELLANTS:

A. V. Conway, II
Conway & Keown
124 West Union Street
P.O. Box 25
Hartford, KY 42347

COUNSEL FOR APPELLEE,
COMMONWEALTH OF KENTUCKY,
REVENUE CABINET :

Laura M. Ferguson
Department of Revenue
Office of Legal Services
P.O. Box 423
Frankfort, KY 40602-0423

COUNSEL FOR APPELLEE,
KENTUCKY BOARD OF TAX APPEALS:

Jon W. Ackerson
128 Brighton Park Blvd.
Frankfort, KY 40601

COUNSEL FOR AMICUS CURIAE,
THE KENTUCKY MEDICAL EQUIPMENT
SUPPLIERS ASSOCIATION,
INCORPORATED:

Erica L. Horn
Bruce F. Clark
Stites & Harbison, PLLC
421 West Main Street
P.O. Box 634
Frankfort, KY 40602-0634

7