**DUBIN ORTHOPAEDIC CENTER, P.S.C, Appellant,**

v.

**COMMONWEALTH of Kentucky, STATE BOARD OF PHYSICAL THERAPY, Appellee.**

No. 2007–SC–000756–DG.

Supreme Court of Kentucky.

April 23, 2009.

Rehearing Denied Oct. 29, 2009.

Lisa English Hinkle, Christopher John Shaughnessy, Thomas Cornelius Sturgill, Jr., McBrayer, McGinnis, Leslie & Kirkland, PLLC, Lexington, KY, Counsel for Appellant.

Mark Russell Brengelman, Assistant Attorney General, Office of the Attorney General, Civil & Environmental Law Division, Frankfort, KY, Counsel for Appellee.

Charles J. Cronan, IV, Jennifer L. Elliott, Stites & Harbison, PLLC, Louisville, KY, Counsel for Amicus Curiae, The American Medical Association, The Kentucky Medical Association.

Neal Forrest Bailen, Stites & Harbison, PLLC, Jeffersonville, IN, Counsel for Amicus Curiae, The Kentucky Medical Association.

Jeffrey Alan Darling, Lexington, KY, Counsel for Amicus Curiae, The American Physical Therapy Association.

Opinion of the Court by Justice ABRAMSON.

Kentucky Revised Statute 327.020(3) makes it unlawful "for any person, or for any business entity ... to bill for physical therapy unless such physical therapy is provided by or under the supervision of a physical therapist licensed and practicing in accordance with this chapter." The Court of Appeals held that under this statute the Dubin Orthopaedic Center, PSC, and its sole shareholder, Ronald S. Dubin, M.D., a duly licensed orthopedic surgeon (collectively "Dubin"), were precluded from using certain American Medical Association billing codes for "physical therapy evaluation" and "physical therapy reevaluation" (Current Procedural Terminology codes 97001 and 97002). We granted Dubin's motion for discretionary review to consider its right to use the codes and now reverse.

### RELEVANT FACTS

The present controversy arose in November 2003, when the State Board of Physical Therapy (the Board), the agency authorized to license physical therapists and to regulate and oversee the practice of physical therapy in Kentucky pursuant to KRS Chapter 327, received a complaint that Dubin's office in Corbin, Kentucky was offering "physical therapy" services, that those services were being provided by an unlicensed athletic trainer, and that Dubin was billing for the services using CPT codes 97001 and 97002. Investigating this complaint, as it was authorized to do under KRS 327.040(2) and (4), the Board subpoenaed certain patient treatment and billing records. When Dubin refused to surrender the records, the Board sought an order enforcing its subpoena in the Franklin Circuit Court. KRS 327.040(4). While the matter was pending before the circuit court, Dubin stipulated that it had used and intended to continue using CPT codes 97001 and 97002, whereupon, apparently, the Board relinquished its subpoena and moved instead to enjoin Dubin's use of the two codes.

CPT stands for "Current Procedural Terminology," and the CPT code is a work of clinical nomenclature published annually since 1966 by the American Medical Association. The CPT is, in essence, an evolving list of AMA recognized services and procedures (there are codes, however, for unlisted services and procedures) together with five-digit numerical codes for each. As explained in the forward of the 2006 edition, the purpose of the CPT's descriptive terms and identifying codes "is to provide a uniform language that will accurately describe medical, surgical, and diagnostic services and will thereby provide an effective means for reliable nationwide communication among physicians, patients, and third parties." The United States District Court for the Northern District of Georgia has further noted that

> CPT has been adopted by both public and private health insurance programs (generally, "payors") as the method by which physicians report the services and procedures they provide. CPT is not a reimbursement system, however, and does not constrain a payor's decision to cover or not to cover a particular procedure. Each payor makes its own decisions regarding which services and procedures it will pay for and how much it will pay for each.

*Neotonus, Inc. v. American Medical Association*, 554 F.Supp.2d 1368, 1370 (N.D.Ga. 2007). The United States Department of Health and Human Services has adopted the CPT as one of its standard medical data code sets. 45 C.F.R. § 162.1002. The CPT listings are organized under six broad headings and numerous subheadings, but

according to the introduction to the 2006 edition,

> [i]t is important to recognize that the listing of a service or procedure and its code number in a specific section of this book does not restrict its use to a specific specialty group. Any procedure or service in any section of this book may be used to designate the services rendered by any qualified physician or other qualified health care provider.

Providers are instructed, rather, to "[s]elect the name of the procedure or service that accurately identifies the service performed. Do not select a CPT code that merely approximates the service provided." *Id.*

Noting that Dr. Dubin was licensed to provide services accurately described as "physical therapy evaluation" and "physical therapy reevaluation," the trial court ruled that Dubin's use of CPT codes 97001 and 97002 was a matter best left to Dubin and its third-party payors, and that use of the codes did not run afoul of KRS 327.020(3), which, according to the trial court, is addressed primarily to preventing unlicensed individuals from holding themselves out to the public as licensed physical therapists, a concern not implicated, the trial court concluded, by these facts. Accordingly, the trial court denied the Board's request for injunctive relief.

By an Opinion rendered September 21, 2007, the Court of Appeals reversed. In its view, although Dr. Dubin's medical license authorized him to provide services "that are the same or similar to the services performed by a licensed physical therapist," the statutory restriction on the use of the phrase "physical therapy" applied to Dubin no less than to anyone else and precluded Dubin's use of the two CPT descriptions employing that phrase and their numerical codes. According to the Court, notwithstanding the AMA's injunction that health care providers use the most accurate code possible and their potential obligation to do so under federal law, KRS 327.020 required Dubin to choose some code other than 97001 or 97002 when describing and claiming payment for physical therapy services. Dubin contends, and we agree, that the Court of Appeals misconstrued KRS 327.020.

## ANALYSIS

At issue, as noted above, is section (3) of KRS 327.020,[1] which provides:

> (3) It shall be unlawful for any person, or for any business entity, its employees, agents or representatives to use in connection with his or its name or business activity the words "physical therapy," "physical therapist," "physiotherapy," "physiotherapist," "registered physical therapist," the letters "P.T.," "L.P.T.," or any other words, letters, abbreviations or insignia indicating or implying directly or indirectly that physical therapy is provided or supplied or to bill for physical therapy unless such physical therapy is provided by or under the supervision of a physical therapist licensed and practicing in accordance with this chapter.

KRS 327.020(3) (1984). As the parties and the courts below all observe, this provision must be construed in conjunction with section (1) of the statute, which, in pertinent part, provides that

> [n]o person shall practice or hold himself out as being able to practice physical therapy in any manner whatsoever unless he meets the educational require-

1. The General Assembly amended KRS 327.020 in 2007, but those amendments did not affect the provisions at issue in this case.

ments of this chapter, is licensed in accordance with the provisions of this chapter, he is in good standing with the board and his license is not suspended or revoked. *Provided, however, that nothing contained in this chapter shall prohibit any person licensed in this state under any other law from engaging in the practice for which such person is duly licensed.*

KRS 327.020(1) (1984) (emphasis supplied). The Board concedes that Dr. Dubin is licensed to provide all the services that physical therapists are licensed to provide and that under the section (1) proviso, as emphasized above, he may perform those services for his patients and claim payment for doing so. The Board insists, however, and the Court of Appeals agreed, that the section (1) proviso does not apply to the section (3) prohibition against use of the term "physical therapy" by anyone but a licensed physical therapist. According to the Board, therefore, Dubin is obliged to use some term other than "physical therapy" when describing its services either to patients or to third-party payors. We disagree.

 As the parties note and as this Court has many times observed,

> our goal in construing a statute is to give effect to the intent of the General Assembly, and we derive that intent, if at all possible, from the plain meaning of the language the General Assembly chose.... We presume, of course, that the General Assembly intended for the statute to be construed as a whole and for all of its parts to have meaning.... We also presume that the General Assembly did not intend an absurd statute or an unconstitutional one.

*King Drugs, Inc. v. Commonwealth of Kentucky, Revenue Cabinet,* 250 S.W.3d 643, 645 (Ky.2008) (citations omitted). Here, by its plain terms the section (1) proviso applies to the whole of KRS Chapter 327 including, as part of that chapter, the section (3) limitations on the use of language "indicating ... that physical therapy is provided or supplied." Because Dr. Dubin's license qualifies him to provide the full range of physical therapy services, the section (1) proviso thus exempts him from section (3)'s language restrictions. This does not mean, of course, that Dr. Dubin may hold himself out as licensed under KRS Chapter 327 or provide medical services through unlicensed intermediaries, but it does mean that nothing in Chapter 327 precludes his provision of physical therapy services or his referring to them as such. As the trial court correctly held, this result comports with the plain thrust of KRS 327.020, which is clearly intended to protect the public against unqualified providers of physical therapy services, not to protect physical therapists against competition from other qualified health care providers.

Against this result, the Board argues that the section (1) proviso permits Dr. Dubin only to "engage in the practice" authorized by his license, *i.e.,* to provide medical services, but does not relieve him from section (3)'s requirement that he not refer to those services as "physical therapy." The Board's focus on the phrase "physical therapy," however, ignores section (3)'s broader prohibition not just against the use of that phrase, but against implying in any way, "directly or indirectly, that physical therapy is provided or supplied." If section (3) of KRS 327.020 applied to Dr. Dubin as the Board construes it, then he would be authorized to provide physical therapy services under the section (1) proviso, but under section (3) would be prohibited from referring to those services in any way "directly or indirectly" as "physical therapy." That would clearly be an absurd result not intended by

the General Assembly. Because the Court of Appeals reached that result only by ignoring a critical portion of the statute, the section (1) proviso, its construction of the statute cannot be upheld.

## CONCLUSION

In sum, we conclude that section (3) of KRS 327.020 does not apply to Dr. Dubin. Rather, by exempting licensed physicians such as Dr. Dubin from the entirety of Chapter 327, the proviso in KRS 327.020 permits him not only to provide physical therapy services, but also to refer to those services as such, and, in particular, to bill for those services, where appropriate, using CPT codes 97001 and 97002. Accordingly, we reverse the September 21, 2007 Opinion of the Court of Appeals and thereby reinstate the May 12, 2006 Judgment of the Franklin Circuit Court.

All sitting. All concur.