RENDERED:  FEBRUARY 28, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1192-MR

DEPARTMENT OF REVENUE,
FINANCE AND ADMINISTRATION
CABINET, COMMONWEALTH OF
KENTUCKY                                                          APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.       HONORABLE PATRICIA MORRIS, JUDGE
ACTION NO. 22-CI-004862


HALE, INC. D/B/A LOTSA PASTA                                       APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, EASTON, AND McNEILL, JUDGES.

ACREE, JUDGE:  Appellant, the Commonwealth of Kentucky, Finance and

Administration Cabinet, Department of Revenue (Department) appeals from the

Jefferson Circuit Court's September 7, 2023 Opinion and Order reversing and

remanding a final order of the Kentucky Board of Tax Appeals (KBTA), which

itself had affirmed the Department's determination that certain salads and spreads

that appellee, Hale, Inc. d/b/a Lotsa Pasta (Lotsa Pasta) makes are subject to taxation. Construing KRS[1] 139.485, we disagree with the circuit court's conclusion that the subject salads and spreads are not "prepared food" and, therefore, are not exempt from taxation on that basis alone. However, we agree that Lotsa Pasta engages in food manufacturing, which excepts it from the statute's definition of "prepared food" and causes these items to be tax exempt. Ultimately, we affirm.

## BACKGROUND

This appeal arises from an administrative appeal to the circuit court of a final order of the KBTA. The KBTA entered findings of fact in its final order describing Lotsa Pasta's business and facilities, which the circuit court incorporated by reference in their entirety. The KBTA's factual findings are undisputed and are as follows:

> Lotsa Pasta's business is located in Louisville, Kentucky. Its operations are spread across two buildings located next to each other.
>
> In one building, Lotsa Pasta operates a deli counter, a small café, and a grocery. At the deli counter, Lotsa Pasta's employees make sandwiches to order, and sell hot soups and meatballs by the quart. The deli-counter employees also sell various salads and spreads, described in more detail below presumably by weight or volume in amounts requested by customers. The café sells coffee and other beverages. The café also has space where some

---

[1] Kentucky Revised Statutes.

tables are normally located, at which patrons can drink their café beverages or consume soup or sandwiches from the deli.

In the grocery area, Lotsa Pasta sells standard grocery products produced by other businesses. These include cheese, olive oils, vinegars, chips, crackers, sauces, and pickled vegetables. It also sells salads, spreads, and other items that it produces as described below. About 16 to 18 people work in the grocery, half of whom work part-time.

In the back of the same building, Lotsa Pasta has a commercial kitchen where it makes more than 200 products. To make those products, it combines or mixes multiple ingredients to make a new, single product. These products include pasta salads, chicken salads, pizzas, lasagnas, quiches, sauces, dips, and spreads. Approximately 12 to 15 employees work in the kitchen. The various salads and spreads are produced in large batches – ranging from 40 to over 100 pounds at a time. These products are later repackaged into smaller containers, which are sold in the grocery along with the other items that Lotsa Pasta makes. The salads and spreads are also sold at the deli counter, where patrons can order a specific amount of product. The salads and spreads are not sold in a heated form, nor are they sold with utensils, such as forks, spoons, or plates. Lotsa Pasta also produces and sells Italian ices, though the proof at the hearing did not disclose where these are produced; presumably, they are also produced in the kitchen.

The same building also includes a bakery, which contains a large commercial oven, proofers, and other baking equipment. Approximately four to six bakers work there. From this, Lotsa Pasta produces about 800 units of bread per day, six days a week. It sells this bread in its grocery.

In the second building, Lotsa Pasta produces both fresh and dry pasta. It has eight commercial pasta machines. It uses some of this pasta when making other products, such as tortellini salad or lasagna, in its commercial kitchen in the other building. Other pasta that Lotsa Pasta produces is sold just as pasta, which the purchaser must cook to use. Lotsa Pasta sells its pasta through its grocery.

Lotsa Pasta also sells the products it makes to other businesses. It sells to approximately 15 grocery stores, which then retail sell the products to consumers. It sells to approximately 27 restaurants, which use the products (e.g., bread and pasta) in making restaurant dishes. These sales amount to $38,000 to $40,000 per month. Lotsa Pasta has two vans that it uses to deliver these products.

Between the two buildings, approximately 3,546 square feet of space is used to produce these products. In contrast, the retail grocery area occupies about 1,800 square feet of space, and the café occupies about 450 square feet.

The food that Lotsa Pasta produces in house consists of three broad categories: (1) bread, (2) pasta, and (3) salads, spreads, and Italian ices. Lotsa Pasta's cash register/POS system uses the term "homemade" to cover salads and spreads, and other house-made items, such as lasagnas and quiches.

KBTA Record 01975-01978.

Following an audit in 2018, the Department of Revenue (DOR) assessed additional sales tax of $58,898.50, plus interest and penalties, against Lotsa Pasta for the period of January 1, 2014 to December 31, 2017. The DOR determined twenty categories of items were not exempt from sales tax, including

pasta salad, potato salad, and other similar items, as well as Italian ices. Lotsa Pasta did not pay taxes on these items from 2014 through 2017.

Lotsa Pasta filed a protest with the KBTA, arguing the items in question were tax-exempt pursuant to KRS 139.485. The KBTA conducted a hearing, where it heard the testimony of John Hale, vice president and co-owner of Lotsa Pasta. It also heard testimony of William G. Meyer, III and Joyce Smith, both of whom are certified public accountants who provide accounting and tax compliance services for Lotsa Pasta.

Meyer testified as to his opinion that Lotsa Pasta's North American Industry Classification System (NAICS) code is 311991, a food manufacturing industry subsector for "perishable prepared food manufacturing." He based this determination on his review of Lotsa Pasta's financial documents, a tour of the facility, and the amount of floor space devoted to a particular activity. Smith testified that, as Lotsa Pasta's CPA for over 20 years, Lotsa Pasta primarily generated its receipts from manufacturing or homemade food items. She agreed the proper NAICS classification for Lotsa Pasta is 311991. Hale testified Lotsa Pasta's primary activity is food manufacturing.

In its final order, the KBTA affirmed the DOR's assessment of tax and interest against Lotsa Pasta. However, it reversed the DOR's application of penalties.

Lotsa Pasta appealed to the circuit court, which reversed the KBTA's final order. In its Opinion and Order, the circuit court determined the packaged salads and spreads that Lotsa Pasta sells in its grocery store are excepted from the category of "prepared food" under KRS 139.485(2) and, therefore, are exempt from sale and use tax under KRS 139.485(1). The DOR now appeals.

## STANDARD OF REVIEW

The instant appeal contains only questions related to statutory interpretation. Matters of statutory construction and interpretation are questions of law, which this Court reviews *de novo*. *Pennyrile Allied Cmty. Servs., Inc. v. Rogers*, 459 S.W.3d 339, 342 (Ky. 2015) (citing *Neurodiagnostics, Inc. v. Kentucky Farm Bureau Mut. Ins. Co.*, 250 S.W.3d 321, 325 (Ky. 2008)).

## ANALYSIS

The General Assembly has imposed both sales and use tax on certain activities. Under KRS 139.200, a six percent tax is applied to the gross receipts derived from the retail sale of tangible personal property. KRS 139.200(1). Similarly, under KRS 139.310, an excise tax is applied to the "storage, use, or other consumption" of "tangible personal property[.]" KRS 139.310(1). However, "food and food ingredients for human consumption" are exempted from taxation:

> Except as otherwise provided, the terms "retail sale," "use," "storage," and "consumption" as used in this chapter shall not include the sale, use, storage or

consumption of food and food ingredients for human consumption.

KRS 139.485(1).

Though the exemption for food and food ingredients encompasses a broad category of items, the General Assembly has narrowed this exemption through several listed exclusions. It defines "food and food ingredients" as "substances, whether in liquid, concentrated, solid, frozen, dried, or dehydrated form, that are sold for ingestion or chewing by humans and are consumed for their taste or nutritional value[,]" but specifically excludes "prepared food" from this definition. KRS 139.485(2)(f).

The term "prepared food" receives a definition as well. As relevant, "prepared food" is defined to mean "[t]wo (2) or more food ingredients mixed or combined by the retailer for sale as a single item except food that is only cut, repackaged, or pasteurized by the retailer, eggs, fish, meat, poultry, and foods containing these raw animal foods requiring cooking by the consumer" in order to avoid food-borne illnesses. KRS 139.485(3)(g)2.[2]

However, the General Assembly supplied a further layer of nuance to the "food and food ingredients" exemption. From the exclusion of "prepared food"

---

[2] KRS 139.485(3)(g) also excludes food that the retailer sells in a heated state and food sold with eating utensils from the definition of prepared food. Neither of these exclusions are at issue here.

-7-

from "food and food ingredients," the General Assembly provided the following exception, as relevant:

> (h) Notwithstanding paragraph (g) of this subsection, "prepared food" shall not include the following items if sold without eating utensils provided by the seller:
>
> > 1. Food sold by a seller whose proper primary North American Industry Classification System classification is manufacturing in sector 311, except subsector 3118[.][3]

KRS 139.485(3)(h)1.

The NAICS defines businesses engaged in "food manufacturing" under sector 311 as:

> Industries in the Food Manufacturing subsector transform livestock and agricultural products into products for intermediate or final consumption. The industry groups are distinguished by the raw materials (generally of animal or vegetable origin) processed into food products.
>
> The food products manufactured in these establishments are typically sold to wholesalers or retailers for distribution to consumers, but establishments primarily engaged in retailing bakery and candy products made on the premises not for immediate consumption are included.

EXECUTIVE OFFICE OF THE PRESIDENT, OFFICE OF MANAGEMENT AND BUDGET,

NORTH AMERICAN INDUSTRY CLASSIFICATION SYSTEM 142 (2022).

---

[3] KRS 139.485(3)(h) also lists "bakery items" such as bread, cakes, and pies as excluded from the definition of "prepared food." Though Lotsa Pasta bakes bread in its bakery and sells its bread at its grocery store, Lotsa Pasta's bread is not at issue in this appeal.

The NAICS manual contains several subsectors within sector 311. These subsectors include subsector 311991, "perishable prepared food manufacturing," which the manual defines as comprising of "establishments primarily engaged in manufacturing perishable prepared foods, such as salads, sandwiches, prepared meals, fresh pizza, fresh pasta, and peeled or cut vegetables." *Id*. at 161-62. To clarify this definition, the manual states that "[e]stablishments primarily engaged in preparing and selling food for immediate consumption are classified in Industry 72251, Restaurants and Other Eating Places." *Id*.

The circuit court determined Lotsa Pasta's spreads and other items did not fall within KRS 139.485(3)(g)2.'s definition of "prepared food" and, therefore, are not excluded from "food and food ingredients" under KRS 139.485(1). Alternatively, the circuit court determined that, even if the spreads and other items were "prepared food," Lotsa Pasta's activity fell under "food manufacturing" as defined in the NAICS manual and, therefore, are excluded from the definition of "prepared food" per KRS 139.485(3)(h)1. Our review requires we determine whether these determinations were error in light of applicable statutory definitions.

In exchange for more precise and nuanced definitions of terms employed within statutory schemes, statutory definitions may not exactly conform to the meaning of the term as is commonly understood. "When the General Assembly specifically provides that a word used in a statute shall have a particular

meaning, the courts must accept that statutory definition in construing the statute even though the statutory definition is quite different from the ordinary meaning of the word." *Schroader v. Atkins*, 657 S.W.2d 945, 947 (Ky. 1983). Therefore, our review requires that we take care to ensure we apply the definitions KRS 139.485 – and, by reference, the NAICS manual – supplies, and not apply common-sense meanings to "food," "prepared food," "food manufacturing," or other such terms.

Even if a statute supplies definitions for specific terms, such definitions do not necessarily eliminate ambiguity. This situation presents itself here. "Prepared food" is defined by KRS 139.485(3)(g)2., and we are bound to follow that definition, regardless of what common sense might tell us about the term's definition. But, the statute's definition of "prepared food" contains ambiguity; "prepared food" is defined as the product of the retailer mixing or combining two or more ingredients "for sale as a single item[.]"

The DOR argues Lotsa Pasta's items are "prepared food" because their creation requires the combination of two or more food ingredients. Lotsa Pasta argues its products are not "prepared food" because it did not create them for sale as a single item; rather, it asserts it creates its salads and spreads in bulk batches, which it then divides and repackages into smaller containers. It therefore asserts "prepared food" more narrowly applies to food sold by restaurants or

concession stands, and that how it creates its products places them outside the statute's definition.

We only apply rules of statutory construction if a statute is ambiguous. *King Drugs v. Commonwealth*, 250 S.W.3d 643, 645 (Ky. 2008) (citing *Stephenson v. Woodward*, 182 S.W.3d 162 (Ky. 2005)). But, "if a plain reading of the statute yields a reasonable legislative intent, then that reading is decisive and must be given effect regardless of the canons and regardless of our estimate of the statute's wisdom." *Id.* (citing *Osborne v. Commonwealth*, 185 S.W.3d 645 (Ky. 2006)). In our view, KRS 139.485(3)(g)2. contains ambiguity in the phrase "mixed or combined by the retailer for sale as a single item," which requires us to resort to our tools of statutory construction and interpretation.

The General Assembly has stated explicitly that its statutes "shall be liberally construed with a view to promote their objects and carry out the intent of the legislature, and the rule that statutes in derogation of the common law are to be strictly construed shall not apply to the statutes of this state." KRS 446.080(1). Further, "[a]ll words and phrases shall be construed according to the common and approved usage of language, but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such meaning." KRS 446.080(4).

"When presented with an issue of statutory interpretation, we begin with the plain words of the statute." *Century Aluminum of Kentucky, GP v. Dep't of Revenue*, 664 S.W.3d 546, 557 (Ky. 2022) (citing *Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815, 819 (Ky. 2005)). The statute must be construed as a whole, and all of its parts "must be given equal effect so that no part of the statute will become meaningless or ineffectual." *Lewis v. Jackson Energy Co-op. Corp.*, 189 S.W.3d 87, 92 (Ky. 2005). "And, it is axiomatic that, when interpreting a provision of a statute, a court should not, if possible, adopt a construction that renders a provision meaningless or ineffectual or interpret a provision in a manner that brings about an absurd or unreasonable result." *Schoenhachler v. Minyard*, 110 S.W.3d 776 (Ky. 2003).

An additional rule of construction, particularly applicable here, is "the rule that tax exemption statutes are to be narrowly construed *against* the exemption." *King Drugs*, 250 S.W.3d at 645 (emphasis added). *See also Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 463 (Ky. 2004) (citations omitted) ("[A]lthough tax statutes creating liability are to be strictly construed against the taxing authority, exemptions are to be narrowly construed against the taxpayer[.]").

Construing the exemption narrowly and applying the tools of statutory construction available to us, we determine Lotsa Pasta's salads and spreads are

mixed or combined for sale as a single item and, accordingly, are "prepared food." We therefore disagree with the circuit court's narrower reading of "prepared food" to exclude foods created in bulk and then repackaged for individual sale. Stated differently, we agree with the DOR and the KBTA's explanation of "single item" as being a new product which results from the mixing or combining of ingredients and is not limited to individually produced items which were not first produced in bulk.

As noted, we are bound to construe tax exemption statutes against the taxpayer. Even absent this rule, the more expansive interpretation of "prepared food" conforms with the plain language of the statute. The phrase "[t]wo (2) or more food ingredients mixed or combined by the retailer for sale as a single item[,]" when "construed according to the common and approved usage of language" as KRS 446.080(4) requires, simply contemplates taking ingredients, combining them to create something else, then selling them as a single item. This is what Lotsa Pasta does: it combines potatoes, pastas, and other ingredients together, which it then divides into individual containers for sale.

The statute does not specify that foods prepared in bulk which are then subdivided into single container prior to sale are exempt from "prepared food." All that is required is that they are offered for sale as a single item. If the legislature wanted to draft KRS 139.485(3)(g)2. to more narrowly tailor this

-13-

definition, it could have easily done so.  After all, KRS 139.485(3)(g)2. does specifically proceed to exclude "food that is only cut, repackaged, or pasteurized by the retailer, eggs, fish, meat, poultry, and foods containing these raw animal foods requiring cooking by the consumer[.]"  The legislature could have excluded products created in bulk batches which are then subdivided into individual containers prior to sale, but did not.  Therefore, Lotsa Pasta's salads and spreads constitute "prepared food" and the circuit court erred in concluding otherwise.

However, we agree with the circuit court's conclusion that Lotsa Pasta is entitled to the KRS 139.485(3)(h)1. exception because Lotsa Pasta primarily engages in food manufacturing.  It seems plain that Lotsa Pasta "primarily engage[s] in manufacturing perishable prepared foods, such as salads [and] fresh pasta" and falls under NAICS subsector 311991.  EXECUTIVE OFFICE OF THE PRESIDENT, OFFICE OF MANAGEMENT AND BUDGET, NORTH AMERICAN INDUSTRY CLASSIFICATION SYSTEM 161-62 (2022).  As the NAICS manual states, food prepared and sold for immediate consumption would fall under a separate subsector for restaurants and other eating places.  *Id*.  Lotsa Pasta does not sell its salads and spread for immediate consumption.

Further clues are found elsewhere in the NAICS manual.  If a person were to consult the manual's alphabetic appendix, "[f]ood, prepared, perishable, packaged for individual resale" would direct him to subsector 311991.  *Id*. at 751.

-14-

If he were to search for "[n]oodles, fresh, manufacturing" or "[p]asta, fresh, manufacturing[,]" he would also be directed to subsector 311991. *Id.* at 830, 842. And, should he be curious what subsector "[s]alads, fresh or refrigerated, manufacturing" fell under, the appendix would provide subsector 311991 as its answer. *Id.* at 882.

Importantly, whether a business activity should be categorized under subsector 311991 turns on whether the business *primarily* manufactures perishable prepared foods. The NAICS manual makes this clear in its definition of subsector 311991 itself, *see id.* at 161-62, as well as in its introduction, where it states that "[a]n establishment is classified in an industry when its primary activity meets the definition for that industry." *Id.* at 19. An activity may still be an establishment's primary activity even if it constitutes a minority percentage of the establishment's business, so long as the activity constitutes a plurality of the establishment's activities. *See id.* at 20 ("That is, if the value of an establishment's production consists of 30 percent from computers, 30 percent from computer storage devices, and 40 percent from semiconductors and related devices, it is classified in U.S. detail industry 334413, Semiconductor and Related Device Manufacturing[.]").

Evidence of record demonstrates Lotsa Pasta's primary activity is perishable prepared food manufacturing. As the circuit court correctly noted, most of Lotsa Pasta's facilities are used for food manufacturing; between its two

buildings, 3,635 square feet are used for manufacturing while 1,800 are used for retail. More Lotsa Pasta employees work to manufacture food than work in retail. And, when comparing Lotsa Pasta's various activities, food manufacturing constitutes a plurality of its business; per the testimony of Meyer and Lewis, who are financial professionals and who based their opinions on the financial records of Lotsa Pasta, the business's proper NAICS code is 311991.

In sum, we disagree with the circuit court's construction of KRS 139.485(3)(g)2. Construing the exemption narrowly and applying the common and approved usage of the language the General Assembly selected, "[t]wo (2) or more food ingredients mixed or combined by the retailer for sale as a single item" encompasses foods manufactured in bulk and then subdivided into individual containers for sale. However, based on the composition of Lotsa Pasta's various business activities, we agree with the circuit court that Lotsa Pasta's NAICS classification is 311991 – perishable prepared food manufacturing.

## CONCLUSION

Based on the foregoing, we affirm the Jefferson Circuit Court's September 7, 2023 Opinion and Order.


ALL CONCUR.

-16-

BRIEFS FOR APPELLANT:

Bethany Atkins Rice
Douglas M. Dowell
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Mark A. Loyd
Bailey Roese
Stephanie M. Bruns
Louisville, Kentucky